Sue BOELENS, Individually and as Next Friend of Julie Boelens and Jennifer Boelens, Plaintiff-Appellee,

v.

REDMAN HOMES, INC. & Republic Homes of Texas, Inc., Defendants-Appellants.

Sue BOELENS, Individually and as next friend of Julie Boelens and Jennifer Boelens, Plaintiff-Appellant Cross-Appellee,

v.

REDMAN HOMES, INC., Defendant-Appellee Cross-Appellant,

and

Republic Homes of Texas, Inc., Defendant-Appellee.

Nos. 83–1467, 83–1821, 83–1867 and 84–1019.

United States Court of Appeals, Fifth Circuit.

May 6, 1985.

Camp, Jones, O'Neill & Hall, John P. Camp, Daniel L. Bates, Fort Worth, Tex., for Redman.

Hughes & Hill, H. Robert Powell, Clifton T. Hutchinson, Dallas, Tex., for Republic.

Vickery & Webb, Arnold Anderson Vickery, Elizabeth Kilbride, Houston, Tex., for Boelens.

Before WISDOM, RANDALL, and JOLLY, Circuit Judges.

WISDOM, Senior Circuit Judge:

In our original decision in this case, we held that personal injury claims arising solely from breach of warranty are not cognizable under the Magnuson-Moss Warranty Act (MMWA), 15 U.S.C. §§ 2301–2312 (1982); a plaintiff may, however, recover personal injury damages under the MMWA if he has pleaded and proved a violation of the substantive provisions of § 2308 (prohibiting disclaimer of implied warranties), § 2304(a)(2) (prohibiting full warrantors from limiting the duration of implied warranty coverage), or § 2304(a)(3) (prohibiting full warrantors from excluding or limiting consequential damages unless such exclusion or limitation conspicuously appears on the face of the warranty). *Boelens v. Redman Homes, Inc.*, 5 Cir.1984, 748 F.2d 1058, 1068. We noted that "[t]he plaintiffs' amended complaint in this case makes a claim under the MMWA only for breach of warranty; no claim for breach of the substantive obligations of the Act is asserted." *Id.* at 1063. Accordingly, we ruled that the plaintiffs could not avail themselves of their claim for personal inju-

ry damages in attempting to satisfy the $50,000 amount-in-controversy requirement of the MMWA. Because the remaining claims cognizable under the MMWA did not satisfy the $50,000 amount, we concluded that the judgment of the district court should be vacated and the case remanded with instructions to dismiss for lack of subject matter jurisdiction. The plaintiffs have filed a motion for rehearing, a suggestion for rehearing en banc, and a motion for leave to amend the pleadings.

The plaintiffs originally brought this case under federal question jurisdiction, alleging violations of four federal statutes: (1) the MMWA; (2) the Mobile Home Construction and Safety Standards Act, 42 U.S.C. §§ 5401–5426 (1982) (MHCSS); (3) the Federal Hazardous Substances Act, 15 U.S.C. §§ 1261–1274 (1982) (FHSA); and (4) the Consumer Products Safety Act, 15 U.S.C. §§ 2051–2081 (1982) (CPSA). The plaintiffs later amended the complaint to drop the claims under the MHCSS, the FHSA, and the CPSA. The case proceeded to trial under the MMWA and various pendent state law claims. In their several motions before us now, the plaintiffs argue that, even accepting the correctness of our holding concerning the scope of the MMWA, we should not dismiss for lack of subject matter jurisdiction. First, the plaintiffs argue that subject matter jurisdiction is determined by the *original*, not the amended, complaint, and that the original complaint invoked three federal statutes other than the MMWA each sufficient to confer federal question jurisdiction.

Second, they argue that the complaint, as construed by the trial court, alleged breaches of the substantive provisions of the MMWA, and that these allegations are sufficient under this Court's opinion to allow recovery of personal injury damages, thereby allowing such damages to apply in satisfaction of the amount-in-controversy requirement. Finally, the plaintiffs argue that they should be allowed to amend the complaint under 28 U.S.C. § 1653 either to reassert the original claims under the MHCSS, the FHSA, and the CPSA, or to correct the "technical" defects in the plead-

ing under the MMWA to clarify the claim for breach of the substantive obligations of the MMWA. We deny the plaintiffs' motions for the following reasons.

## I. THE AMENDED COMPLAINT GOVERNS FOR PURPOSES OF DETERMINING JURISDICTION

The plaintiffs do not seek in their motions to challenge this Court's construction of the MMWA, but rather argue that because in the original complaint they invoked three federal statutes other than the MMWA, the district court had federal question jurisdiction over the action independent of the claim under the MMWA. The plaintiffs insist that the claims under the three federal statutes conferred jurisdiction because those claims were not "immaterial and made solely for the purpose of obtaining jurisdiction" or "wholly insubstantial and frivolous". *Bell v. Hood,* 1946, 327 U.S. 678, 682–83, 66 S.Ct. 773, 776, 90 L.Ed. 939; *Fellows v. Universal Restaurants, Inc.,* 5 Cir.1983, 701 F.2d 447, 449, *cert. denied,* 1984, 104 S.Ct. 102. The plaintiffs further argue that the later amendment of the complaint to drop the claims under these statutes did not oust jurisdiction, because jurisdiction is determined by looking to the original complaint. For support, the plaintiffs point to *Mobil Oil Corp. v. Kelley,* 5 Cir., 493 F.2d 784, *cert. denied,* 1974, 419 U.S. 1022, 95 S.Ct. 498, 42 L.Ed.2d 296, which stated the general principle that jurisdiction "is determined at the outset of the suit", and "the determination whether a suit arises under the Constitution or laws of the United States rests upon 'the plaintiff's statement of his own cause of action' ". *Id.* at 786 (quoting *Louisville & Nashville R.R. v. Mottley,* 1908, 211 U.S. 149, 152, 29 S.Ct. 42, 43, 53 L.Ed. 126).

We have been unable to locate any case that squarely faced the issue whether, in a case of original jurisdiction, the voluntary amendment of the complaint to drop a federal question removes that claim as a basis for jurisdiction. The cases that we have found dealing with the issue of jurisdiction-

al ouster resulting from later developments in a case all arise in the context of removal. "It is a fundamental principle of law that whether subject matter jurisdiction exists is a question answered by looking to the complaint as it existed at the time the petition for removal was filed." *IMFC Professional Services, Inc. v. Latin American Home Health, Inc.*, 5 Cir.1982, 676 F.2d 152, 157 (Former Fifth). Perhaps the best known example of this general rule is *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 1938, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845, which held that the amendment of the complaint, in a suit removed to federal court, to reduce the amount claimed to a figure below the jurisdictional amount did not divest the court of jurisdiction, when at the time of the removal the sum claimed was in excess of the jurisdictional amount and there was no showing that such amount was not claimed in good faith. The plaintiff apparently had amended the complaint for the purpose of destroying jurisdiction.

Although there is older authority to the contrary,[1] the majority view is that a plaintiff's voluntary amendment to a complaint after removal to eliminate the federal claim

upon which removal was based will not defeat federal jurisdiction.[2]

The policy behind this rule is obvious. When a plaintiff chooses a state forum, yet also elects to press federal claims, he runs the risk of removal. A federal forum for federal claims is certainly a defendant's right. If a state forum is more important to the plaintiff than his federal claims, he should have to make that assessment before the case is jockeyed from state court to federal court and back to state court. The jockeying is a drain on the resources of the state judiciary, the federal judiciary and the parties involved; tactical manipulation [by the] plaintiff ... cannot be condoned. *Austwick v. Board of Education*, N.D.Ill. 1983, 555 F.Supp. 840, 842.

The rule that a plaintiff cannot oust removal jurisdiction by voluntarily amending the complaint to drop all federal questions serves the salutary purpose of preventing the plaintiff from being able to destroy the jurisdictional choice that Congress intended to afford a defendant in the removal statute. The same considerations are not present, however, in a case of original federal question jurisdiction in which

**1.** See *Highway Constr. Co. v. McClelland*, 8 Cir. 1926, 15 F.2d 187, 188:

> While it is the general rule that jurisdiction, once having attached, will not be devested by subsequent events, yet there is this exception to the rule: The plaintiff, after jurisdiction has attached, may so change his pleading voluntarily that the court will no longer have jurisdiction on the face of the pleading. If this is done, it then becomes the duty of the court to remand the case, if it be a removed case.

In *Solanics v. Republic Steel Corp.*, N.D.Ohio 1940, 34 F.Supp. 951, the court granted the plaintiff's motion to remand the case back to state court where, after removal but before the defendants had filed an answer, the plaintiff filed a second amended complaint that omitted all allegations under federal law, leaving only state law claims.

**2.** See *In re Greyhound Lines*, 5 Cir.1979, 598 F.2d 883, 884; *Westmoreland Hosp. Ass'n v. Blue Cross*, 3 Cir.1979, 605 F.2d 119, 123–24, *cert. denied*, 1980, 444 U.S. 1077, 100 S.Ct. 1025, 62 L.Ed.2d 759; *Hazel Bishop, Inc. v. Perfemme, Inc.*, 2 Cir.1963, 314 F.2d 399, 403; *Brown v.*

*Eastern States Corp.*, 4 Cir.1950, 181 F.2d 26, 28; *Austwick v. Board of Educ.*, N.D.Ill.1983, 555 F.Supp. 840, 842; *Armstrong v. Monex Int'l Ltd.*, N.D.Ill.1976, 413 F.Supp. 567, 569; 29 Federal Procedure Lawyer's Ed. § 69:116, at 590 (1984).

Although the voluntary dropping of all federal claims by a plaintiff in a removed case does not oust federal jurisdiction, the federal court may still exercise its discretion not to retain pendent jurisdiction over the remaining state claims. There is a division in the circuits on the issue whether the district court, if it elects not to retain pendent jurisdiction, must dismiss the case or may remand the case to state court. Some courts of appeals have ruled that the only permissible grounds for a remand are those expressly provided by statute. See *Cook v. Weber*, 7 Cir.1983, 698 F.2d 907; *Levy v. Weissman*, 3 Cir.1982, 671 F.2d 766. In other circuits the court has ruled that it may remand the pendent claims once the federal claim providing the basis for removal is eliminated. See *In re Romulus Community Schools*, 6 Cir.1984, 729 F.2d 431; *Fox v. Custis*, 4 Cir.1983, 712 F.2d 84; *Hofbauer v. Northwestern Nat'l Bank*, 8 Cir.1983, 700 F.2d 1197; *Naylor v. Case & McGrath, Inc.*, 2 Cir.1978, 585 F.2d 557.

the plaintiff, rather than the defendant, is invoking the jurisdiction of the federal court. In that case, because the burden is on the plaintiff to establish jurisdiction in the first instance, we conclude that the plaintiff must be held to the jurisdictional consequences of a voluntary abandonment of claims that would otherwise provide federal jurisdiction.

Our conclusion that we must look to the amended complaint in assessing original federal question jurisdiction is consistent with the general rule that an amended complaint ordinarily supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading.[3] *See Wilson v. First Houston Inv. Corp.,* 5 Cir.1978, 566 F.2d 1235, 1237–38, *vacated on other grounds,* 1979, 444 U.S. 959, 100 S.Ct. 442, 62 L.Ed.2d 371; *International Controls Corp. v. Vesco,* 2 Cir.1977, 556 F.2d 665, 668, *cert. denied,* 1978, 434 U.S. 1014, 98 S.Ct. 730, 54 L.Ed.2d 758; *Cicchetti v. Lucey,* 1 Cir.1975, 514 F.2d 362, 365 n. 5; *Loux v. Rhay,* 9 Cir.1967, 375 F.2d 55, 57; *Jefferson v. H.K. Porter Co.,* N.D.Ala. 1980, 485 F.Supp. 356, 359.

We have found one case in this circuit that seems to have applied this general rule in looking to the amended complaint in a federal question case to assess jurisdiction. In *Superior Testers, Inc. v. Damco Testers, Inc.,* E.D.La.1970, 309 F.Supp. 661 (Rubin, J.), the plaintiff sought an injunction based on the defendants having violated the plaintiff's exclusive patent license. Federal question jurisdiction was invoked under 28 U.S.C. § 1338 on the ground that the suit was one arising under the patent laws of the United States. The plaintiffs amended the complaint to assert a claim for patent infringement. Although the amended complaint alleged patent infringement—a claim that clearly arose under federal law—the court found from the evidence introduced at the factual hearing on the plaintiffs' motion for a preliminary injunction that the crux of the dispute was not one of patent infringement, but rather that the defendant was infringing an exclusive *license* under the patent, as stated in the original complaint. Accordingly, the court requested memoranda concerning its jurisdiction. Notwithstanding the court's reservations about the real nature of the dispute, the court nevertheless looked to the *amended* complaint to decide the jurisdictional issue, stating in a footnote that "[s]ince the amended complaint is complete in itself and makes no reference to nor adopts any portion of the original complaint it supersedes the original complaint". *Id.* at 664 n. 2. The court then held that the claim of patent infringement in the amended complaint was substantial, made in good faith, and therefore conferred jurisdiction.

■ Because the plaintiffs' amended complaint in this case neither makes reference to nor adopts any portion of the original complaint, jurisdiction must be judged solely on the allegations of the amended complaint. The plaintiffs therefore may not rest on their invocation of the MHCSS, the FHSA, and the CPSA in the original complaint for establishing jurisdiction.

We now turn to the plaintiffs' argument that the invocation of the MMWA in the amended complaint was sufficient to establish jurisdiction even under this Court's construction of the MMWA in our original decision.

## II. THE PLAINTIFFS' ALLEGATIONS OF BREACHES OF SUBSTANTIVE PROVISIONS OF THE MMWA DID NOT CONFER JURISDICTION UNDER THE WELL–PLEADED COMPLAINT RULE

The plaintiffs argue that even if the amended complaint is controlling for determining jurisdiction, that complaint properly invoked the jurisdiction of the court under our decision that personal injury damages may be recovered when a breach of the substantive obligations of the MMWA is

---

**3.** One case invoked this general rule to hold that an original complaint, once voluntarily amended, cannot be used to cure the defects in an amended complaint. *See Jefferson v. H.K. Porter Co.,* N.D.Ala.1980, 485 F.Supp. 356.

alleged. The plaintiffs maintain that they sought relief under both the substantive provisions of the MMWA and a theory of implied warranty. They insist that, although the invocation of the MMWA was couched in general terms in both the original and the amended complaint, when the jurisdictional issue arose in the trial court, the plaintiffs "clarified" their reliance, not only on the breach of warranty sections of the MMWA, but on §§ 2304 and 2308 as well. In an order sustaining jurisdiction, the trial court wrote:

> Plaintiffs in their response to Defendant's motion to dismiss clarified their claims under the Magnuson-Moss Warranty Act ["Act"]. Plaintiffs allege three separate causes of action under the Act: (1) Plaintiffs are suing each of the named Defendants for breach of implied warranty; (2) Plaintiffs are suing each of

the named Defendants for violating section 2304(a)(2) of the Act, as well as for de facto violations of section 2308 of the Act prohibiting disclaimers of consequential damages arising out of a breach of implied warranty.[2]

．　　．　　．　　．　　．

[2] The Court reserves its ruling on the issue whether there is a cause of action under the Magnuson-Moss Warranty Act for de facto violation of § 2308.

The plaintiffs argue that this *construction* of the complaint by the trial court is sufficient to establish jurisdiction under the MMWA as we have construed it.

 Although we agree with the plaintiffs that it is sufficient if the allegations of a complaint, *as construed* by the trial court, present an adequate jurisdictional basis,[4] the district court's "clarification" of

[4] *See Mobil Oil Corp. v. Kelley*, 5 Cir., 493 F.2d 784, *cert. denied*, 1974, 419 U.S. 1022, 95 S.Ct. 498, 42 L.Ed.2d 296. In that case Mobil sued two state agencies concerning four oil and gas leases obtained from the state of Alabama. The first claim was against the Oil and Gas Board, asserting that the Board's refusal to grant permits to drill wells on lands covered by the leases violated Mobil's rights to due process of law under the Fourteenth Amendment. The portion of the complaint comprising this claim invoked jurisdiction "pursuant to and in accordance with 28 U.S.Code, Sections 1331, 1332, and amendment 14, Section 1, to the Constitution of the United States". *Id.* at 787. This Court held that, although the notion that the Fourteenth Amendment itself confers jurisdiction was inartful, the claim was substantial and sufficient to confer federal question jurisdiction. The second claim in the complaint was against the State Conservation Department, alleging that there was "an actual and bona fide controversy" concerning whether the Department was "authorized to toll the running of the primary term of said leases for the time that Mobil as Lessee is precluded by action or inaction of the State or any of its officers or agents from drilling on said leases". *Id.* Neither the facts alleged to support the claim nor the claim itself suggested a contention that the failure of the Department to extend the leases violated the plaintiff's constitutional rights.

Whether the district court had jurisdiction of the second claim was crucial because the sole relief awarded by the district court was to extend the leases. This Court concluded that there was jurisdiction, noting that "[a]fter considering the evidence, the trial court construed

the complaint as contending that all of the defendants had taken the plaintiff's property without due process of law, in violation of the Fourteenth Amendment". *Id.* at 788. We therefore concluded that

> [w]e need not dwell on whether the words of the complaint, standing alone, would be a sufficient key to the federal court. The construction given the pleadings by the trial court after hearing the evidence, was not clearly in error. Had the invocation been insufficient, the court could have permitted the allegation of jurisdiction to be amended, as, indeed, this court could do now. 28 U.S.C.A. § 1653.... Since [the trial court] could have permitted [the complaint] to be amended to assert a federal question with precision, we look to whether there was substantial error in his ultimate jurisdictional conclusion.

*Id.*

Another case allowed federal question jurisdiction to be established by the complaint coupled with other elements in the record. In *Smith v. United States*, 5 Cir.1974, 502 F.2d 512, the plaintiff alleged that his discharge from his job as a clinical psychologist for wearing a "peace pin" violated his First Amendment rights. The plaintiff sued under the Tucker Act, which gives the district courts jurisdiction of any civil claim against the United States for less than $10,000 that is founded upon the Constitution or an Act of Congress. The plaintiff alleged that the action was founded upon the Constitution and the Administrative Procedure Act. The government argued that the court did not have jurisdiction because the plaintiff sought neither reinstatement nor back pay in his complaint. The government conceded that there would be jurisdiction had the plaintiff sought reinstate-

the complaint in this case was contained in an order entered more than five months before the plaintiffs amended their complaint. Because the amended complaint made no reference to, nor adopted any portion of, the original complaint, the trial court's construction of the original complaint cannot be used to demonstrate jurisdiction. Moreover, notwithstanding the plaintiffs' felt need for clarification of their original complaint to include allegations of substantive breaches of §§ 2304 and 2308 of the MMWA, the plaintiffs did *not* include such allegations in the amended complaint. The amended complaint, in ¶ 2 ("JURISDICTION AND VENUE"), is couched in general terms only and states that "[j]urisdiction is predicated upon the presence of federal questions. Specifically, Plaintiffs assert a cause of action under the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301–2312. Jurisdiction is expressly conferred in this Court by the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(1)(B) and 23 U.S.C. § 1331." Tr. Vol. IV at 945–46.

Despite the absence of any specific reference to substantive provisions of the MMWA in the amended complaint, the plaintiffs insist in their brief that jurisdiction existed because "there were serious and important issues arising under the substantive provisions of the Act and the plaintiff ultimately sought and obtained affirmative relief from the district court under those provisions". Our examination of the record, however, reveals that the plaintiffs proceeded to trial solely on a breach of warranty theory, and allegations of violations of the provisions of § 2308 came up only as a response to the defendants' affirmative defense that they were not liable for the damages sought because of certain disclaimers contained in the limited warranty supplied with the mobile home.

The parties filed a joint Proposed Pretrial Order with the trial court two weeks after the amended complaint was filed. The plaintiffs' own statement of their claims under the MMWA, in a section titled "PLAINTIFF'S CONTENTIONS", alleges only a breach of warranty:

13. This breach of warranty is cognizable under several legal theories which impose liability on both of these Defendants: (a) the implied warranty of merchantability under Tex.Bus. & Comm. Code §§ 2.314; (b) the implied warranty of habitability under Texas common law; (c) the Texas Deceptive Trade Practices-Consumer Protection Act § 17.50(a)(2) Tex.Bus. & Comm.Code; and (d) the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301–12.

Tr. Vol. VII at 1989. No other mention of the MMWA is made by the plaintiffs in the pretrial order. The omission in the pretrial order of any more specific references to the MMWA is significant, because any such references not contained in the complaint would have been effective to amend the previous pleadings to state a claim under the referenced provisions. *Syrie v. Knoll Int'l,* 5 Cir.1984, 748 F.2d 304, 308.

Both defendant Redman Homes and defendant Republic Homes of Texas raised in the pretrial order the affirmative defense that the "warranty was limited to the obligation to remedy defects or malfunctions upon reasonable written notice, without charge to the Boelens; and liability for consequential damages was excluded." Tr. Vol. VII at 1993 (Redman), 1997 (Republic). Similarly, the defendants both pleaded as their NINETEENTH affirmative defense in their Second Amended Answer to the plaintiffs' amended complaint that the plaintiffs' claims were barred because each defendant, through the warranty, "has ex-

---

ment under 28 U.S.C. § 1361 and back pay under 5 U.S.C. § 5596. This Court found that jurisdiction existed:

In the pleadings before the district court, the [plaintiff] specifically prayed for reinstatement with back pay in his motion in opposition to defendant's motion for judgment on the pleadings and cross-motion for summary

judgment. We feel that this, coupled with [plaintiff's] complaint, was sufficient to establish federal jurisdiction.

*Id.* at 519. We found that the plaintiff's failure to cite 28 U.S.C. § 1361 and 5 U.S.C. § 5596 in the complaint "was merely a technical flaw and not a basis for denying jurisdiction in the district court". *Id.* at 520.

cluded liability for consequential and incidental damages and has limited its obligation, if any, to the repair" or replacement of defective parts in the mobile home. Tr. Vol. VI at 1872 (Redman); Tr. Vol. VII at 1900–01 (Republic).

The plaintiffs responded to this affirmative defense by asserting that the attempt to limit consequential damages was void under § 2308 of the MMWA, and our examination of the record reveals that the *only* use the plaintiffs made of § 2308 was to remove the asserted defense. For example, the plaintiffs filed a motion in limine, requesting in part that the defendants be prevented from mentioning at trial any disclaimers in the warranty because such disclaimers were void.[5] Similarly, in the PLAINTIFFS' OBJECTION TO DEFENDANTS' EXHIBITS, the plaintiffs objected to the introduction of the warranty document "because it purports to contain limiting or disclaiming language which, as a matter of both federal and state law is totally ineffective". Tr. Vol. VIII at 2221.[6]

■ Although the plaintiffs are correct in asserting that § 2308 was an *issue* in the case, that fact alone is insufficient to confer jurisdiction. The plaintiffs did not allege in the amended complaint or the pretrial order that the defendants' warranty, on its face, violated any of the substantive provisions of § 2304(a)(2), § 2304(a)(3), or § 2308. Section 2308 was invoked only to remove a defense affirmatively raised by the defendants.[7] Under the well-pleaded complaint rule, it is insufficient for jurisdictional purposes that the plaintiff asserts that federal law deprives the defendant of a possible defense. *E.g., Louisville & Nashville R.R. v. Mottley,* 1908, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126; *Powers v. South Cent. United Food & Commercial Workers Union,* 5 Cir.1983, 719 F.2d 760, 764. We therefore conclude that the district court did not have subject matter jurisdiction.

## III. THE PLAINTIFFS MAY NOT USE § 1653 RETROACTIVELY TO CREATE A JURISDICTIONAL BASE

5. Paragraph 2 of the motion asserts:

> 2. *Limitations or Disclaimers of Warranty.* Any purported limitation, waiver, or disclaimer of express or implied warranties or remedies thereunder are void under the express language of section 108 of the Magnuson-Moss Warranty Act. 15 U.S.C. § 2308. Defendants should be prohibited from mentioning this topic.

Tr. Vol. VII at 2187. The plaintiffs filed a supporting memorandum of authority with the motion in limine that elaborates the argument that the disclaimers are void under § 2308. Tr. Vol. VII at 2204–06.

6. The trial court took up the issue of § 2308 at the pretrial conference, and ultimately ruled that § 2304(a) of the MMWA allows the warrantor to "limit property and consequential damages" but not "personal injuries". Tr. Vol. X at 81, 101. To avoid misleading the jury into thinking that the language disclaiming consequential damages also excluded personal injury damages, the jury was allowed to see only a "sanitized" version of the warranty, with the disclaiming language deleted. Tr. Vol. XIV at 1091–93.

7. The plaintiffs argued to the district court that the disclaimers of consequential and incidental damages in the mobile home warranty violated § 2308(c), which provides that "[a] disclaimer, modification, or limitation made in violation of this section shall be ineffective for purposes of this chapter and State law". Because § 2308(c) is "self-enacting", it does not make sense for a plaintiff to plead an affirmative violation of it, and invocation of § 2308(c) will therefore probably always come up only in response to an asserted defense, as it did in this case. By contrast, it does make sense to plead violations of §§ 2308(*a*) and 2308(*b*), where a limited warranty on its face purports to *disclaim implied warranties* or to *limit the duration of implied warranties* to less than the duration of the written warranty. Where such violations are pleaded and proved, a plaintiff may recover personal injury damages in federal court. Because the warranty in this case involved a disclaimer only of consequential damages, and not implied warranties, it appears that § 2308(c), by its very terms, is inapplicable. Section 2308(c) provides that disclaimers made "in violation of *this section*" shall be void (emphasis added). The provisions of "this section" refer only to implied warranties. Section 2304(a)(3) governs the exclusion or limitation of consequential damages and provides that any such exclusion or limitation is invalid unless it "conspicuously appears on the face of the warranty". The district court ruled that the disclaimer of consequential damages was valid under this section, at least insofar as it was construed not to exclude personal injury damages. Tr. Vol. X at 80, 101.

512

■ The plaintiffs argue that they should be allowed to amend the pleading under 28 U.S.C. § 1653 (1982) either to reassert the original four statutory bases for federal question jurisdiction or to clarify reliance upon §§ 2304 and 2308 of the MMWA. Section 1653 provides: "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." This section, "originally designed to permit belated amendment to allege diversity of citizenship, was extended in the 1948 code revision to permit amendment of all jurisdictional allegations". *Mobil Oil Corp. v. Kelley*, 5 Cir., 493 F.2d 784, 788, *cert. denied*, 1974, 419 U.S. 1022, 95 S.Ct. 498, 42 L.Ed.2d 296.

We reject the plaintiffs' attempt to invoke § 1653.

> While we have previously noted that § 1653 should be broadly construed to avoid dismissals of actions on technical grounds, [citation omitted] we have never allowed that provision to create jurisdiction retroactively where none existed. Section 1653 allows "amendment only of defective *allegations* of jurisdiction; it does not provide a remedy for defective jurisdiction itself." *Field v. Volkswagenwerk AG*, 626 F.2d 293, 306 (3rd Cir.1980) (emphasis in original).

*Pressroom Unions-Printers League Income Security Fund v. Continental Assurance Co.*, 2 Cir.1983, 700 F.2d 889, 893, *cert. denied*, 1984, —— U.S. ——, 104 S.Ct. 148, 78 L.Ed.2d 138. In the light of our holding that the amended complaint governs for jurisdictional purposes in a federal question case and our finding that the amended complaint did not plead violations of the substantive provisions of the MMWA, the plaintiffs' motion to amend seeks not to remedy technically inadequate jurisdictional allegations, but rather to substitute new causes of action over which there would be jurisdiction. Because § 1653 is limited to curing technical defects only, the plaintiffs' motion to amend under that section must be denied.

IV. CONCLUSION

We hold that the amended complaint governs for deciding whether the district court had original federal question jurisdiction. Because the amended complaint did not allege violations of the substantive provisions of the MMWA, and the plaintiffs invoked § 2308 only in response to an affirmative defense pleaded by the defendants, we conclude that the district court did not have subject matter jurisdiction. The plaintiffs' motion for rehearing and motion for leave to amend are therefore DENIED.

No member of the panel nor judge in regular active service of this court having requested that the court be polled on rehearing en banc (Federal Rule of Appellate Procedure and Local Rule 35), the suggestion for rehearing en banc is DENIED.