Lorraine COLLINS, et al.

v.

DARTMOUTH PLAN, INC., et al.

Civ. No. H–86–754 (PCD).

United States District Court,
D. Connecticut.

Oct. 28, 1986.

Kenneth L. Shluger, Hartford, Conn., for plaintiffs.

Richard Lublin, Rodger C. Boe, Lublin, Wolfe, Kantor & Silver, East Hartford, Conn., for defendant Dartmouth Plan.

Eliot B. Gersten, Gersten & Gersten, Hartford, Conn., for defendants Residential Const. and Technical Energy Conservation Inc.

Richard M. Reynolds, Day, Berry & Howard, Hartford, Conn., for defendant Columbus Nat. Bank.

## RULING ON PENDING MOTIONS

DORSEY, District Judge.

This action was commenced in state court and properly removed to federal court pursuant to 28 U.S.C. § 1441(c). Plaintiffs have moved to amend the complaint to eliminate the federal cause of action and contingent on that motion being granted have also moved to remand. Also pending are: plaintiffs' motion to stay all proceedings, including the posting of performance bonds; plaintiffs' motion for an extension of time to post bonds; and defendants' motions to dismiss for failure to post bonds.

For the reasons set forth below, all motions are denied.

*Discussion*

Plaintiffs argue that the proposed amendment would remove all grounds for federal jurisdiction in this case. Plaintiffs cite *Boelens v. Redman Homes, Inc.,* 759 F.2d 504 (5th Cir.1985), in which plaintiffs' action, brought in federal court, alleged violation of four federal statutes. Thereafter, plaintiffs voluntarily amended their complaint, thereby eliminating three of the four claims. The remaining claim, made pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301–2312 (1982), did not satisfy the $50,000 amount-in-controversy requirement of that Act. The court held that the amended complaint—not the original—governed for purposes of jurisdiction. Since facts sufficient for federal jurisdiction were not pleaded in the amended complaint, the case was held properly dismissed. Plaintiffs contend that their amended complaint would similarly recite no basis for federal jurisdiction, thereby requiring remand.

The holding in *Boelens* —that jurisdiction is determined by the amended complaint— was carefully and specifically limited to cases of *original* federal question jurisdiction as distinguished from cases *removed* to federal court:

> We have been unable to locate any case that squarely faced the issue whether, in a case of original jurisdiction [such as this one], the voluntary amendment of the complaint to drop a federal question removes that claim as a basis for jurisdiction. *The cases that we have found dealing with the issue of jurisdictional ouster resulting from later developments in a case all arise in the context of removal. "It is a fundamental principal of law that whether subject matter jurisdiction exists is a question answered by looking to the complaint as it existed at the time the petition for removal was filed."*

*Id.* at 506–07 (citations omitted; emphasis added). *See also St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938) (amendment in removed case reducing damage claim below amount-in-controversy requirement does not defeat federal jurisdiction); *Hazel Bishop, Inc. v. Perfemme, Inc.,* 314 F.2d 399, 403 (2d Cir.1963) (abandonment of

trademark infringement claim which had been the basis for removal does not destroy jurisdiction over remaining claims).

When a plaintiff chooses a state forum, yet also elects to press federal claims, he runs the risk of removal. A federal forum for federal claims is certainly a defendant's right. If a state forum is more important to the plaintiff than his federal claims, he should have to make that assessment before the case is jockeyed from state court to federal court and back to state court.

*Austwick v. Board of Educ.*, 555 F.Supp. 840, 842 (N.D.Ill.1983). In a case of original jurisdiction, these considerations are inapposite:

in a case of original federal jurisdiction ... the plaintiff, rather than the defendant, is invoking the jurisdiction of the federal court. In that case, because the burden is on the plaintiff to establish jurisdiction in the first instance, ... the plaintiff must be held to the jurisdictional consequences of a voluntary abandonment of claims that would otherwise provide federal jurisdiction.

*Boelens*, 759 F.2d at 507–08.

It follows, therefore, that jurisdiction in removed cases is determined by the original complaint, not the amended version. As defendants have chosen federal jurisdiction in a removed case, plaintiffs may not thwart that choice by amending the complaint to remove the basis for federal subject matter jurisdiction. Federal jurisdiction existent at the time of removal survives an amendment; therefore, the motion to remand is denied. Because, with such denial, plaintiffs may not still wish to amend, that motion is denied without prejudice to renewal within ten (10) days hereof.

Plaintiffs shall post a $1500 bond, as ordered September 18, 1986, within one (1) week hereof, failure of which shall result in a dismissal, without further order.

All other motions are denied.

SO ORDERED.