# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

---
No. 98-40026
Summary Calendar
---

JOHNNY VILLARREAL, d/b/a
PAN AMERICAN REALTY & CONSTRUCTION,

                                        Plaintiff-Appellee,

                    versus

ASHLEY ARCHITECTS, ARCHITECTO GARCIA &
ASSOCIATES, and CRUZ RODRIGUEZ, d/b/a
SATISFACTION HOMES,

                                        Defendants-Appellants.

---
Appeal from the United States District Court
for the Southern District of Texas
(B-93-CV-140)
---
February 11, 1999

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

By EDITH H. JONES:[*]

        Appellee Johnny Villarreal filed suit in Texas state
court alleging that appellants, the San Benito Public Housing
Authority (the "Authority") and others[1], tortiously interfered with
his contract to repair a public housing project damaged by floods.
After appellants removed the case to federal court, a jury found
them liable for both compensatory and punitive damages totaling
$130,000.  The appellants now argue that the federal court lacked

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except for the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

   [1]The other defendants included the City of San Benito, the above-named appellants and Victor
Trevino, (Executive Director of the Housing Authority).

subject matter jurisdiction.  They alternatively contend that there was insufficient evidence to sustain the jury verdict and that the district court erred by refusing to credit them for pre-trial settlements entered into with the public defendants.  Finding that the federal court had jurisdiction but erroneously failed to credit the appellants for the pre-trial settlement, we affirm in part and reverse and remand in part.

## BACKGROUND

The San Benito Public Housing Authority received a grant from the United States Department of Housing and Urban Development to repair a flood-damaged public housing project.  After accepting competitive bids from several contractors, the Authority awarded Villareal a contract to repair all 54 units.  Some time later, however, the Authority reopened the bidding process and allowed other contractors to compete against appellee's bid.  As a result, Villareal's contract was limited to only 14 of the 54 units while other contractors, including appellant Rodriguez, were awarded contracts to repair the remaining 40 units.

Villareal sued the appellants, the Authority and its Executive Director, and the City of San Benito alleging violations of federal bidding requirements, denial of due process and equal protection, interference with a contract and prospective contract, violation of Texas bidding statutes, conversion of trade secrets, violation of the Texas Free Enterprise and Antitrust Act, and unfair competition.  The defendants removed the case to federal district court, asserting federal question jurisdiction arising

from the alleged violation of federal bidding requirements and due process and equal protection rights. Before trial, Villareal settled with the public defendants for $62,000. The remaining parties agreed to try the case before the magistrate judge, and after a jury trial, the court entered judgment on the jury's verdict for $100,000 in compensatory damages and $30,000 in punitive damages, apportioned among the three remaining defendants. The court's amended final judgment did not, however, credit the appellants for the $62,000 settlement already received by the appellee.

## JURISDICTION

Although they instigated removal, the appellants first contend that the case was improperly removed to federal court because the court lacked subject matter jurisdiction. Under the well pleaded complaint rule, a defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the cause of action arises under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331; see also Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 103 S. Ct. 2841 (1983). In making this determination, federal courts examine the "complaint as it existed at the time the petition for removal was filed." Boelens v. Redman Homes, Inc., 759 F.2d 504, 507 (5th Cir. 1985) (quoting IMFC Prof'l Services, Inc. v. Latin Am. Home Health, Inc., 676 F.2d 152, 157 (5th Cir. Unit B 1982)). When, as in this case, a complaint seeks recovery directly under the United States Constitution, the court must entertain the suit unless 1) the

**3**

federal question "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction", or 2) the federal claim "is wholly insubstantial and frivolous." Bell v. Hood, 327 U.S. 678, 682-83, 66 S. Ct. 773, 776 (1946). Appellants' objection to removal jurisdiction is silly. At the very least,[2] the appellee's complaint alleged due process and equal protection violations, and neither of the Bell exceptions applies.

In particular, Villareal alleged that the Agency arbitrarily rescinded his construction contract, awarded the contract to his competitors, and refused to hold a hearing to resolve the dispute. Appellants never sought clarification whether this claim was founded on federal or state law. It can hardly be said at this late date that the constitutional due process claim was "insubstantial" or "frivolous."[3] It is also too late to complain that the original removed petition does not specify whether the Texas or United States constitutional claims were at issue. In federal practice, "a pleading . . . need not specify in exact detail every possible theory of recovery—it must only give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Thrift v. Hubbard, 44 F.3d 348, 356

---

[2]Because we find that the plaintiff's due process/equal protection claim justified jurisdiction in this case at the outset, we need not address whether a violation of the federal bidding requirements contained in the Code of Federal Regulations creates a federal cause of action justifying jurisdiction in federal court.

[3]Although Villareal did not pursue its due process and equal protection claims at trial because, the Authority had settled with him, this did not deprive the federal court of jurisdiction. "[A] plaintiff's voluntary amendment to a complaint after removal to eliminate the federal claim upon which removal was based will not defeat federal jurisdiction." Boelens v. Redman Homes, Inc., 759 F.2d 504, 507 (5th Cir. 1985).

(5th Cir. 1995) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47, 78 S. Ct. 99, 103 (1957)) (internal quotations omitted).  The federal court therefore properly exercised jurisdiction.

## SUFFICIENCY OF THE EVIDENCE

The appellants next argue that there was insufficient evidence to support the jury's verdict.  Villareal asserts that they did not properly comply with Federal Rule of Civil Procedure 50(b) and failed to preserve this issue for appeal.  Assuming *arguendo* that the appellants properly preserved error, there was sufficient evidence to support the jury's verdict.  When a party preserves error, this court will not overturn the jury's verdict "[u]nless the evidence is of such quality and weight that reasonable and impartial jurors could not arrive at such a verdict . . . ."  <u>Ham Marine, Inc. v. Dresser Indus. Inc.</u>, 72 F.3d 454, 459 (5th Cir. 1995).  On appeal, we view the evidence presented at trial and all reasonable inferences in the light most favorable to the verdict, even though we might have reached a different conclusion as the trier of fact.  <u>See</u> <u>Hiltgen v. Sumrall</u>, 47 F.3d 695, 700 (5th Cir. 1995).

Appellants contend that there was no evidence proving the existence of a contract between the appellee and the Agency for repair of all 54 units.  This is inaccurate.  Several witnesses testified that Villareal was initially the lowest bidder, that the Authority mailed a certified letter to the appellee informing it that it had been awarded the contract (which letter was introduced into evidence), and the Authority instructed the appellee to

**5**

execute the construction contract.  The jury could have reasonably concluded that a contract or prospective contract existed between the appellee and the Authority.  The appellants also argue that the evidence was insufficient to justify an award of punitive damages.  However, after reviewing the record and trial transcript, we find that the jury could have reasonably concluded that the Authority and the appellants maliciously interfered with appellee's contract.

### CREDIT FOR PRE-JUDGMENT SETTLEMENT

Finally, the appellants argue that the district court erred by failing to credit them with the $62,000 pre-trial settlement Villareal received.  Under Texas law, "after the trier of fact has determined the total amount of damages that the plaintiff is entitled to recover, the district court must reduce this amount to offset the benefit that the plaintiff has received from prior settlements."  Hardy v. Gulf Oil Corp., 949 F.2d 826, 832 (5th Cir. 1992); see also Tex. Civ. Prac. & Rem. Code Ann. § 33.012.  The defendant has the option to reduce the judgment by the dollar amount of the settlement or by a sliding scale percentage of the damages awarded by the jury.  See § 33.012(b). If the defendant elects a dollar-for-dollar credit, Texas law requires that the defendant make a written election of the credit before the case is submitted to the jury, see § 33.014, and prove the settlement amount by admitting the settlement agreement or some other proof showing the settlement amount.  See Mobil Oil Corp. v. Ellender, 968 S.W.2d 917, 927 (Tex. 1998) (stating that the announcement, in

open court, of the settlement amount satisfies the defendant's burden).

As the appellants satisfied the statutory requirements necessary to receive a dollar-for-dollar credit, the magistrate judge should have credited them for the prior settlement. Before the case went to the jury, the defendants filed a statutory "Election of Settlement Credits", opting for the dollar-for-dollar credit. Villareal's only response is that the appellants never themselves presented evidence of the dollar amount of the settlement and thus waived their right to a credit. This argument is meritless. First, the Texas Supreme Court requires only that the settlement amount be contained somewhere in the record. See Mobil Oil, 968 S.W.2d at 927. Second, the record shows that the settlement amount was known by all, was placed of record by Villareal, and the magistrate judge initially entered judgment and ordered a remittitur totaling $62,000 due to the settlement.

## CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of liability, but REVERSE the magistrate judge's decision not to credit appellants for pre-trial settlements, and REMAND the case with instructions to enter a new final judgment crediting each appellant for its share of the $62,000 settlement obtained by the appellee.

**AFFIRMED** in Part, **REVERSED** and **REMANDED** in Part.

7