IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 02-10499
Summary Calendar

---

STEVEN KURT MIKESELL,

Plaintiff-Appellant,

versus

JAY BROWN, Sheriff;
LIEUTENANT PULSE, Administrator;
SERGEANT GRIEVER, Staff Supervisor,

Defendants-Appellees.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:99-CV-229-Y

---

December 23, 2002
Before GARWOOD, JOLLY, and SMITH, Circuit Judges.

PER CURIAM:*

Steven Kurt Mikesell, Texas prisoner # 841274, appeals the district court's grant of summary judgment for the defendants in his 42 U.S.C. § 1093 civil rights action. Mikesell argues that the district court improperly decided disputed factual issues in

---

*Pursuant to 5TH CIR. R.47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

granting summary judgment. He contends that he alleged in his original complaint, under penalty of perjury, that the defendants failed to provide him with proper medical care and a proper diet. He contends that they ran out of his medication "many times" and gave him expired medications. He contends that his complaint squarely contradicts the factual allegations of the defendants.

In support of their motion for summary judgment, the defendants presented, among other evidence, an affidavit of Dr. Michael Hueber, the physician charged with providing medical care to Mikesell while Mikesell was confined to the Parker County Jail, from December 20, 1997 until September 29, 1998. According to Dr. Hueber, that Mikesell did not receive his Glyburide on four occasions and had to mix his own insulin using insulin that was past its expiration date did not cause him harm because his documented blood sugar levels did not vary from his norm. Further, based on the evidence that Mikesell received two insulin shots each day, two snacks each day, and his other medications each day for almost a year, with the exception of two occasions (one in June and one in August) when the jail ran out of Glyburide, causing him to miss a total of four doses (two on each occasion), the undisputed summary judgment evidence does not demonstrate deliberate indifference in the defendants' treatment of his diabetes. Sgt. Griever's responses to Mikesell's grievances demonstrate exactly the opposite, namely that the defendants promptly sought to remedy

2

the problems Mikesell brought to their attention and sought to prevent their reoccurrence. Moreover, Mikesell was prescribed a 2800 calorie diet, in accordance with a food plan designed to accommodate his diabetes. The dietician reviewed each day's menu to see if the regularly scheduled meal met the special requirements of particular inmates. Mikesell received three meals a day and two snacks.

Mikesell did not file a response to the defendants' motion for summary judgment, nor has he identified any disputed factual issues in his brief. He relies upon the broad, general allegations made in his original complaint that the defendants failed to provide him with proper medical treatment and a proper diet. These allegations are not sufficient. Where the opposing party moves for summary judgment, the non-movant needs to produce evidence or designate specific facts showing the existence of a genuine issue of material fact necessitating trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986).

As the district court correctly noted, an amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading. *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994); *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985). Applying this rule, Mikesell's amended complaint is the only effective complaint, as the district

3

court had clearly set forth in its order of January 25, 2002, over a month before appellees' motion for summary judgment was filed. That amended complaint is not only unverified, but it also does not contain allegations that would defeat summary judgment.[1] Mikesell's unsubstantiated and unsworn assertions are not competent summary judgment evidence. *Abbott v. Equity Group, Inc.*, 2 F.3d 613, 619 (5th Cir. 1993); *Nissho-Iwai American Corp. v. Kline*, 845 F.2d 1300, 1306 (5th Cir. 1988). Mikesell, therefore, has failed to carry his burden of producing evidence or designating specific facts sufficient to show the existence of a genuine issue of material fact. Accordingly the district court did not err in granting the defendants' motion for summary judgment.

Mikesell also argues that the district court abused its discretion in not granting his motion for appointment of counsel. He contends that his account was in direct conflict with the defendants'. He maintains that based on his lack of legal training, the complexity of the case, his request for a jury trial, and the merits of his case, counsel should have been appointed.

In its order denying appointed counsel, the district court considered the appropriate factors and determined that the law in

---

[1]In construing Mikesell's complaint, this Court is aware of its duty to interpret liberally the pleadings of pro se litigants. *See Mehroder v. Phelps*, 608 F.2d 1023, 1025 (5th Cir. 1979). Such litigants, however, are not free from the rules of procedure applicable to other parties. *See Green v. Darrell*, 969 F.2d 915, 917 (5th Cir. 1992).

4

the case was well-developed and that the plaintiff appeared able to represent himself. *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982). As the case developed, a need for counsel did not develop. Contrary to Mikesell's assertions, the defendants' summary judgment evidence did not contradict his allegations; rather, the defendants admitted that they ran out of Glyburide and 70/30 insulin on the occasions he alleged. The disagreement was in the interpretation of this evidence in the context of the course of Mikesell's diabetes treatment while incarcerated at the Parker County Jail. Once the defendants produced their summary judgment evidence, it became clear that there was no factual dispute in this case requiring a trial, and thus, no need for appointed counsel. The district court did not abuse its discretion in denying Mikesell's motion for appointed counsel. *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982).

AFFIRMED