United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 26, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-21001
Summary Calendar
_____

KELLY LEWIS, JR.,

Plaintiff-Appellant,

versus

THE ATTORNEY GENERAL OF THE STATE OF TEXAS,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-03-CV-586
--------------------

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Kelly Lewis, Jr., appeals from the district court's grant

of summary judgment in favor of the Texas Attorney General (AG).

Lewis had filed a 42 U.S.C. § 1983 civil rights complaint seeking

declaratory and injunctive relief.  Lewis argues that the Texas

statutory scheme for collecting child support arrearages violates

his procedural due process rights.  We review the district court's

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

order granting summary judgment de novo. Melton v. Teachers Ins. & Annuity Ass'n of America, 114 F.3d 557, 559 (5th Cir. 1997).

Lewis contends that the Texas statutory scheme is unconstitutionally vague. Lewis abandoned the issue when he did not renew it in his amended complaint. See Boelens v. Redman Homes, Inc., 759 F.2d 504, 508 (5th Cir. 1985). He may not raise the issue for the first time on appeal. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).

Lewis also argues that the AG induced him into an illusory agreement which failed to impose a mutual obligation on the AG. Lewis's reliance on contract principles is misplaced. There is no language in the statute to indicate that a contractual obligation was created by the child support review orders. Rather, the Texas Family Code provides that the child support review orders constitute enforceable court orders. TEX. FAM. CODE ANN. § 233.001(b)(Vernon 2002). Lewis also argues that the AG failed to inform him that he was not required to sign the child support review orders, that he was entitled to a hearing, and that other alternatives existed to signing the orders. Lewis's argument is unavailing in light of the statutory warnings provided in the child support review orders and corresponding waiver forms which he signed. See TEX. FAM. CODE ANN. § 233.018.

Finally, Lewis argues that he was deprived of his property without due process because the notice given by the state was

insufficient under <u>Mullane v. Central Hanover Bank & Trust Co.</u>, 339 U.S. 306 (1950).

The Texas statutory scheme is comparable to postjudgment garnishment proceedings. <u>See</u> <u>Brown v. Liberty Loan Corp. of Duval</u>, 539 F.2d 1355, 1357 (5th Cir. 1976). Similar to the enforcement of an existing judgment, the child support review orders were a court-ordered collection of arrearages on existing child support orders. <u>See</u> <u>id.</u> at 1366. Thus, <u>Mullane</u> is inapposite, where as here, Lewis had prior notice via an existing court order that he was obliged to pay child support payments. <u>Cf.</u>, <u>Mullane</u>, 339 U.S. at 309, 319 (publication in newspaper as the sole form of notice of levy on trust account inadequate notice). Moreover, the Texas Family Code contains various comprehensive mechanisms whereby Lewis can avoid execution on the levy. TEX. FAM. CODE ANN. § 157.328 (Vernon 2002); <u>see</u> <u>Brown</u>, 539 F.2d at 1365. Lewis has not shown any error by the district court. Accordingly, the judgment of the district court is AFFIRMED.