**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-1271**

---

SAXON FIBERS, LLC; ROSS ROGERS; JERRY LEONARD,

Plaintiffs - Appellees,

versus

LARRY WOOD; DALTON MACHINERY AND SURPLUS, INCORPORATED,

Defendants - Appellants.

---

**No. 04-1472**

---

SAXON FIBERS, LLC; ROSS ROGERS; JERRY LEONARD,

Plaintiffs - Appellees,

versus

LARRY WOOD; DALTON MACHINERY AND SURPLUS, INCORPORATED,

Defendants - Appellants.

---

Appeals from the United States District Court for the District of South Carolina, at Spartanburg. Margaret B. Seymour, District Judge. (CA-02-2373-7-24)

---

Argued: December 2, 2004                    Decided: January 4, 2005

Before WILKINS, Chief Judge, and MICHAEL and TRAXLER, Circuit Judges.

_____

Vacated and remanded with instructions by unpublished per curiam opinion.

_____

Thomas Howard Keim, Jr., EDWARDS, BALLARD, BISHOP, STURM, CLARK & KEIM, Spartanburg, South Carolina, for Appellants. Matthew Elliott Cox, JOHNSON, SMITH, HIBBARD & WILDMAN, Spartanburg, South Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Larry Wood and Dalton Machinery and Surplus, Inc. (Dalton Machinery) appeal a judgment against them on the ground that the district court lacked subject matter jurisdiction over the case. We vacate the judgment and remand with instructions for the district court to dismiss the action.

I.

Saxon Fibers, LLC (Saxon) is a limited liability company composed of three members--Georgia residents Larry Wood, Ross Rogers, and Jerry Leonard--each of whom owns one-third of the company. Dalton Machinery is a company owned by Wood.

Saxon filed this action in federal court against Wood and Dalton Machinery (collectively, "Appellants") on July 17, 2002, alleging several state law causes of action arising from Wood's alleged failure to make an agreed-upon capital contribution to Saxon. The complaint alleged that the district court had diversity jurisdiction, see 28 U.S.C.A. § 1332 (West 1993 & Supp. 2004), because Saxon was organized in South Carolina--and hence, a South Carolina citizen--and Appellants were both citizens of Georgia.

Appellants moved to dismiss for lack of subject matter jurisdiction on the basis that Rogers and Leonard were indispensable parties whose joinder as plaintiffs would destroy diversity. See Fed. R. Civ. P. 19. Appellants also answered

3

Saxon's complaint on August 23, 2002, while their motion to dismiss was pending.

On August 26, 2002, Saxon moved to amend its complaint, see Fed. R. Civ. P. 15(a), to add Rogers and Leonard as plaintiffs and to add a claim against Wood under the Racketeer Influenced and Corrupt Organizations Act (RICO), see 18 U.S.C.A. § 1962(c) (West 2000), thereby purporting to establish federal question jurisdiction, see 28 U.S.C.A. § 1331 (West 1993). Appellants opposed the motion, arguing that a party may not establish federal question jurisdiction by amending its complaint to add a new cause of action when the district court lacks subject matter jurisdiction over the original complaint. The district court granted Saxon's motion to amend and denied Appellants' motion to dismiss.

The case proceeded to trial, and the jury awarded Saxon, Rogers, and Leonard (collectively, "Appellees") $468,679 in damages. Further, the district court awarded Appellees $79,873.12 in attorneys' fees and denied Appellants' renewed motion to dismiss for lack of subject matter jurisdiction.

II.

Appellants contend that the district court erred in permitting Saxon to amend its complaint and in refusing to dismiss this action for lack of subject matter jurisdiction. We are compelled to agree.

4

The parties agree that a plaintiff may not use 28 U.S.C.A. § 1653 (West 1994)[1] or any other means to obtain leave of court to amend a complaint to allege a federal cause of action not previously pled when the court had no jurisdiction over the original complaint. See Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 831-32 (1989); Advani Enters. v. Underwriters at Lloyds, 140 F.3d 157, 161 (2d Cir. 1998); Boelens v. Redman Homes, Inc., 759 F.2d 504, 512 (5th Cir. 1985). Such a proposition makes sense, considering that a court without subject matter jurisdiction lacks authority to grant a party's amendment motion.[2] See Whitmire v. Victus Ltd., 212 F.3d 885, 888 (5th Cir. 2000).

Appellants contended in their initial brief that the district court lacked jurisdiction over the original complaint because Rogers and Leonard were indispensable parties who, if joined, would have destroyed complete diversity. Appellees responded by arguing that the parties in the original complaint were completely diverse because Saxon, a South Carolina citizen, was the only plaintiff.

---

[1]Section 1653 provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." The Supreme Court has held that this statute allows only the correction of incorrect statements in pleadings "about jurisdiction that actually exists." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 831 (1989). It does not allow an amendment "to produce jurisdiction where none actually existed before." Id.

[2]A party may amend its pleading once as a matter of course before a responsive pleading is served. See Fed. R. Civ. P. 15(a). Once the responsive pleading is served, however, as the answer was here, a pleading may not be amended without leave of court or written consent of the adverse party. See id.

5

Appellees maintained that failure to join indispensable parties does not create a jurisdictional defect. See 4 James Wm. Moore et al., Moore's Federal Practice § 19.02[4][c] (3d ed. 2004). They therefore argued that the district court had jurisdiction to grant their motion to amend the complaint to add the RICO cause of action, which conferred federal question and supplemental jurisdiction, see 28 U.S.C.A. § 1367 (West 1993), upon the district court over this suit.

In their reply brief, Appellants argue for the first time that it is immaterial whether failure to join indispensable parties is a jurisdictional defect because even if it is not, the district court lacked jurisdiction over the original complaint. See Plyler v. Moore, 129 F.3d 728, 731 n.6 (4th Cir. 1997) (holding that issues regarding subject-matter jurisdiction "may be raised at any time by either party or sua sponte by this court"). Appellants contend that Saxon, a limited liability company, was a citizen of Georgia because its members were citizens of Georgia, and therefore, because Appellees were also Georgia citizens, the parties were not diverse. A recent decision of this court confirms the correctness of Appellants' position. See Gen. Tech. Applications, Inc. v. Exro Ltda., 388 F.3d 114, 120 (4th Cir. 2004) (holding that limited liability company was citizen of all states of which its members were citizens); see also Hoffman v. Hunt, 126 F.3d 575, 584 (4th Cir. 1997) ("A decision of a panel of this court

6

becomes the law of the circuit and is binding on other panels unless it is overruled by a subsequent en banc opinion of this court or a superseding contrary decision of the Supreme Court." (internal quotation marks omitted)). Thus, because Wood, Rogers, and Leonard were all Georgia citizens and Saxon was also a citizen of Georgia, the parties were never diverse. The district court therefore never had subject matter jurisdiction over this suit and, in particular, lacked jurisdiction to authorize the amendment of the original complaint.

## III.

For the reason discussed, we vacate the district court judgment and remand with instructions for the district court to dismiss for lack of subject matter jurisdiction.

<u>VACATED AND REMANDED WITH INSTRUCTIONS</u>

7