# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10323

United States Court of Appeals
Fifth Circuit

**FILED**
August 7, 2018

Lyle W. Cayce
Clerk

JEAN LOMBARDI,

Plaintiff–Appellant,

v.

BANK OF AMERICA, N.A.; BANK OF NEW YORK MELLON, formerly known as Bank of New York as Trustee for the Certificate holders of CWABS, Inc., Asset-Backed Certificates, Series 2004-12,

Defendants–Appellees,

EMI & WICK, L.L.C.,

Intervenor–Appellees.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CV-1464

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:*

This case concerns a foreclosure on Plaintiff–Appellant Jean Lombardi's home. Lombardi argues the following on appeal:

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## No. 17-10323

1. The district court lacked supplemental jurisdiction over EMI & WICK, LLC ("EMI") and its counterclaim.

2. The district court awarded EMI lost-rents damages beyond what was authorized by the relevant Texas trespass-to-try-title statute.

3. The district court erred in dismissing her argument that Defendants–Appellees Bank of America and Bank of New York Mellon waived acceleration and foreclosure.

4. Summary judgment was improper on her two claims under the Texas Debt Collection Practices Act.

5. Summary judgment was improper on her claim under Texas Property Code § 51.002(d).

As to Lombardi's jurisdictional claim, we hold that the district court properly exercised supplemental jurisdiction over EMI's counterclaim. Lombardi suggests that the district court erred by not assessing whether EMI's LLC membership destroyed diversity jurisdiction. Lombardi is correct to point out that Bank of America and Bank of New York Mellon removed the original action on the basis of diversity jurisdiction. But the more germane development is that Lombardi amended her complaint voluntarily—after removal but before EMI intervened—to add a federal claim. Lombardi must be held to the jurisdictional consequences of her voluntary addition of a federal question.[1] Because the district court exercised federal-question jurisdiction over the matter when EMI sought to intervene, the court had supplemental jurisdiction over EMI under 28 U.S.C. § 1367(a) irrespective of EMI's LLC membership.

---

[1] *Cf. Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985) (finding federal jurisdiction wanting after the plaintiff dropped the only federal claim from the complaint, reasoning "that the plaintiff must be held to the jurisdictional consequences of a voluntary abandonment of claims that would otherwise provide federal jurisdiction").

No. 17-10323

Having satisfied ourselves of the court's jurisdiction over the matter, and after having carefully considered Lombardi's remaining claims in light of the briefs, oral argument, and pertinent portions of the record, we find no error of law or reversible error of fact. We thus AFFIRM the district court's rulings and judgments for essentially the same reasons articulated by that court in the relevant orders.