Robert A. FALISE, Louis Klein, Jr., Frank Macchiarola, Christian E. Markey, Jr., as Trustees, Plaintiffs,

v.

THE AMERICAN TOBACCO COMPANY; R.J. Reynolds Tobacco Company; B.A.T. Industries, PLC; Brown & Williamson Tobacco Corporation; Philip Morris, Incorporated; Liggett Group, Inc.; Lorillard Tobacco Company, Defendants.

No. CV 97–7640.

United States District Court, E.D. New York.

Nov. 10, 1999.

**64**

Orrick, Herrington & Sutcliffe, LLP, New York City, by James L. Stengel, for plaintiffs.

Greenberg Traurig, New York City, by Stephen Saxl, for defendants Lorillard Tobacco Co., Philip Morris Incorporated, and R.J. Reynolds Tobacco Company.

Winston & Strawn, Chicago, IL, by Jeffrey M. Wagner, for defendant Philip Morris Incorporated.

Womble Carlyle Sandridge & Rice, PLC, Winston–Salem, NC, by Thomas D. Schroeder, for defendant R.J. Reynolds Tobacco Company.

Kirkland & Ellis, Chicago, IL, by Deirdre A. Fox, for defendant Brown & Williamson Tobacco Corporation.

Shook, Hardy & Bacon, Kansas City, MO, by Terrence J. Sexton, for defendants Lorillard Tobacco Co. and Philip Morris Incorporated.

### MEMORANDUM AND ORDER

WEINSTEIN, Senior District Judge.

Plaintiffs move to vacate a judgment dismissing this action for lack of subject matter jurisdiction—i.e., competency of the court. *See Falise v. American Tobacco Co.*, 241 B.R. 48 (E.D.N.Y.1999). In the alternative, they seek leave to reinstate and amend their original complaint to assert a civil RICO claim against defendants, *see* 18 U.S.C. § 1964(c), thus providing federal subject matter jurisdiction, *see* 28 U.S.C. § 1331. Both the motion to vacate the judgment of dismissal and the motion to amend are denied.

## I. PROCEDURE

The complaint—filed in December 1997—asserted only state law causes of action, including restitution, contribution and indemnification. Competence was premised on the "related to" language of section 1334(b) of title 28, which authorizes federal courts to exercise jurisdiction over bankruptcy proceedings. *See* 28 U.S.C. § 1334(b). That provision expressly grants district courts jurisdiction over proceedings "related to cases under" the bankruptcy title. Plaintiffs asserted neither diversity nor federal question (independent of bankruptcy jurisdiction) as a basis for the court's competence.

Contending that the court lacked competence, defendants moved for summary judgment. The motion was granted on November 2, 1999. *See Falise*, 241 B.R. at 54–55. Dismissal was without prejudice.

## II. MOTION TO VACATE THE JUDGMENT

■ In their motion to vacate the November 2, 1999 judgment, plaintiffs renew their contention that subject matter jurisdiction exists pursuant to Section 1334 of title 28. "An action is 'related to' bankruptcy if the outcome ... impacts upon the handling and administration of the bankruptcy estate." *In re Pan Am. Sch. of Travel, Inc.*, 47 B.R. 242 (Bankr. S.D.N.Y.1985). Plaintiffs argue that jurisdiction lies because the bankruptcy estate

has not ceased to exist, but rather was transferred to the Trust.

■ This argument is unpersuasive. The mere fact that *the property* from a debtor's estate is transferred to a trust following the confirmation of a bankruptcy plan does not mean the bankruptcy estate itself continues to exist. The bankruptcy estate ceases to exist upon confirmation and substantial consummation of the plan in a Chapter 11 reorganization. *See Portfolio Lease Funding Corp. v. Seagate Technology, Inc. (In re Atlantic Computer Sys., Inc.)*, 163 B.R. 704, 706 (Bankr. S.D.N.Y.1994) (Lifland, J.). A contrary conclusion would unduly extend the limited jurisdictional grant under the bankruptcy title.

III. MOTION TO AMEND PLEADINGS

■ Plaintiffs, in the alternative, seek leave to amend their complaint under Rule 15(a) of the Federal Rules of Civil Procedure to add a federal civil RICO claim. *See* 18 U.S.C. § 1964(c). The RICO claim would provide an independent ground for federal subject matter jurisdiction. *See* 28 U.S.C. § 1331.

Rule 15(a) is the governing provision for amending pleadings. It allows for liberal amendment practice: "a party may amend the party's pleading ... by leave of court ... and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). Permission to amend is "within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971); *see Acito v. IMCERA Group, Inc.*, 47 F.3d 47, 55 (2d Cir.1995); *see also Mackensworth v. S.S. American Merchant*, 28 F.3d 246, 251 (2d Cir.1994) (stating valid reasons for denying leave to amend).

With respect to amendments involving issues of subject matter jurisdiction, Rule 15(a) is read together with section 1653 of title 28. *See Asset Value Fund Limited*

*Partnership v. The Care Group, Inc.*, 179 F.R.D. 117, 119 (S.D.N.Y.1998) ("case law indicates that Section 1653 serves essentially as a specific application of Rule 15"); *Corporacion Venezolana de Fomento v. Vintero Sales Corp.*, 477 F.Supp. 615, 618–19 & n. 5 (S.D.N.Y.1979) (Rule 15(a) and section 1653 are generally synonymous with respect to allowing amendments to pleadings based on subject matter jurisdiction); Wright et al., *Federal Practice and Procedure* § 1474, at 524 (2d ed. 1990) ("In some respects the language of [section 1653] is at variance with the text of Rule 15 and arguably supersedes it. However, the cases do not reveal any conflict between the two.").

Section 1653 states: "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. Its predecessor was enacted to allow "limited jurisdictional amendments to cases in which diversity jurisdiction 'in fact existed at the time the suit was brought or removed, though defectively alleged.'" *Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 831, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989). Subsequently it was broadened "to expand the power to cure defective *allegations* of jurisdiction from diversity cases to all cases." *Id.* (emphasis added).

■ The district court's power to authorize amendments to cure a competence problem under section 1653, and by extension under Rule 15(a), turns on the nature of the jurisdictional defect. Courts can "remedy *inadequate jurisdictional allegations*, but not *defective jurisdictional facts.*" *Id.* at 831, 832 n. 5, 109 S.Ct. 2218 (citing *Pressroom Unions–Printers League Income Security Fund v. Continental Assurance Co.*, 700 F.2d 889, 893 (2d Cir.1983)) (emphasis added). In *Newman–Green*, the Supreme Court rejected an interpretation of section 1653 that "would empower federal courts to amend a complaint so as to produce [subject matter] jurisdiction where none actually existed before." *Id.* at 831, 109 S.Ct. 2218.

The reason for the limitation on the district court's power to authorize an amendment is apparent: never having had power to act in the matter, the court *never* had authority to permit an amendment to the complaint.

In *Pressroom Unions,* 700 F.2d 889, 893 (2d Cir.1983), cited by the Supreme Court in *Newman–Green,* the court of appeals held that section 1653 cannot be used to add a new cause of action in order to establish federal subject matter jurisdiction. The court found that the original plaintiff did not have statutory standing to sue under ERISA, which had been the basis relied upon for subject matter jurisdiction. Because plaintiff lacked standing to sue under ERISA there was *no subject matter jurisdiction.* A motion to amend was made to substitute plaintiffs who would have standing. The court of appeals rejected this effort, stating, *"we have never allowed* [section 1653] *to create jurisdiction retroactively where none existed.* Section 1653 allows 'amendment only of defective allegations of jurisdiction, it does not provide a remedy for defective jurisdiction itself.'" *Pressroom Unions,* 700 F.2d at 893 (emphasis added). The court held that "[b]ecause [the district judge] was without jurisdiction, the judge appropriately denied the request to amend the complaint." *Id.* at 894; *see also American Charities for Reasonable Fundraising Regulation, Inc. v. Shiffrin,* 46 F.Supp.2d 143, 154 (D.Conn.1999) ("Where leave of the court is required [to amend under Rule 15(a) ], the rule that a court must examine the existence of subject matter jurisdiction as of the time of the filing of the original complaint is applicable because the court is asked to exercise discretion to grant or deny leave to amend, the exercise of which necessarily implicates whether the court has such authority, which would be lacking absent subject matter jurisdiction.").

The court of appeals for the Fifth Circuit reached a similar conclusion in *Boelens v. Redman Homes, Inc.,* 759 F.2d 504 (5th Cir.1985). In *Boelens,* the plaintiff earlier had amended his complaint, but in the process had eliminated the federal causes of action, which in turn eliminated subject matter jurisdiction; diversity was never alleged. The plaintiffs moved to amend their second complaint to incorporate the original federal causes of action so as to create federal subject matter jurisdiction. The court of appeals rejected the change, concluding: "the plaintiffs' motion to amend seeks not to remedy technically inadequate jurisdictional allegations, but rather to substitute new causes of action over which there would be jurisdiction." *Id.* at 512. The court ruled: "[b]ecause § 1653 is limited to curing technical defects only," the plaintiffs' motion to amend must be denied. *Id.*

There is a clear distinction between permitting the curing of technical defects in stating a basis for jurisdiction and providing of a jurisdictional basis where none previously existed. The later is prohibited by section 1653, and, by implication, Rule 15(a). In *Advani Enterprises, Inc. v. Underwriters at Lloyds,* 140 F.3d 157 (2d Cir.1998), for example, the court of appeals for the Second Circuit found that complete diversity was lacking to support subject matter jurisdiction. In the complaint, plaintiff had pled diversity as the sole basis for subject matter jurisdiction. The court began its analysis by stating: "section 1653, even liberally construed, does not allow a plaintiff to amend its complaint to substitute a *new cause of action over which there is subject-matter jurisdiction for one in which there is not."* *Id.* at 161 (emphasis added). Nonetheless, the court allowed plaintiff to amend because the original complaint was in fact based on federal question jurisdiction; plaintiff's entire cause-of-action sounded in admiralty. The court pointed out that "admiralty jurisdiction is apparent from the face of the complaint" even though it was not stated as the basis for subject matter jurisdiction. *Id.* In allowing the amendment, the court merely permitted the plaintiff to correct a

defective allegation of jurisdiction, not to state a new cause of action to create subject matter jurisdiction that did not exist when the original complaint was filed. *See also* Moore et al., *Moore's Federal Practice* § 15.14[3], at 15–34 (3d ed. 1999) ("Essentially, a plaintiff may correct the complaint to show that jurisdiction does in fact exist; however, *if there is no federal jurisdiction, it may not be created by amendment.*" (emphasis added)).

Judge Preska of the Southern District dealt with a jurisdictional problem nearly identical to the instant one. *See V.W. Broad v. DKP Corp.*, No. 97 Civ. 2029, 1998 WL 516113 (S.D.N.Y. Aug. 19, 1998). The plaintiffs in that case initially relied on diversity as a basis for subject matter jurisdiction, alleging only state law claims sounding in fraud. The district court ultimately concluded that complete diversity did not exist. Defendants moved to dismiss for lack of subject matter jurisdiction while plaintiffs moved to amend their complaint under Rule 15(a) to state a civil RICO claim. The motion to amend was denied: "Plaintiff here seeks to add facts not alleged in the original complaint in an effort to establish jurisdiction pursuant to 28 U.S.C. § 1331, thus substituting an entirely new cause of action and a new basis for jurisdiction. *Constitutional and procedural restraints prevent me from endorsing this strategy.*" *Id.* at *2 (emphasis added); *see Asset Value Fund Limited Partnership v. The Care Group, Inc.*, 179 F.R.D. 117, 119 (S.D.N.Y.1998) (denying plaintiffs effort to amend under Rule 15(a) to add a new federal securities fraud cause of action to create subject matter jurisdiction because plaintiff "seeks not to correct a defect in the allegation of extant and otherwise valid jurisdictional facts, but to add an entirely new cause of action, based on facts not alleged in the original complaint, to create a different basis for federal subject matter jurisdiction").

Plaintiffs here do not seek to remedy a technical defect in their original jurisdictional allegations. Rather, they seek to create an entirely new jurisdictional basis to provide competence in a court which lacked authority over the case *ab initio*. This tactic is prohibited by section 1653 and by Rule 15(a), as these provisions have consistently been interpreted. There is simply no power in the court to allow plaintiffs to amend their complaint.

## IV. CONCLUSION

Plaintiffs' motion to vacate the November 2, 1999 judgment, and plaintiffs' motion to amend the complaint are denied. The Clerk of the Court shall mark this matter closed. Any pending motions are denied as moot.

SO ORDERED.