**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 99-60743
Summary Calendar

PAULA JO WHITMIRE

Plaintiff-Appellant,

V.

VICTUS LIMITED T/A
MASTER DESIGN FURNITURE,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Mississippi

June 2, 2000

Before SMITH, BARKSDALE and PARKER, Circuit Judges.

ROBERT M. PARKER, Circuit Judge.

Plaintiff-Appellant brought suit in federal district court asserting causes of action under federal statute and state common law. Plaintiff asserted that subject matter jurisdiction was proper under the court's grant to hear questions of federal law and supplemental authority over pendent state law claims. The district court granted defendant's motion for summary judgment on plaintiff's federal claims and dismissed plaintiff's state law claims without prejudice. Plaintiff sought to preserve her case in federal court by amending her pleadings to properly allege

that all requirements of diversity jurisdiction were satisfied from the inception of her case and that diversity could serve as an alternative basis for jurisdiction. The district court denied plaintiff's motion, and she appeals.

The issues on appeal are narrow and based upon a clear and complete record from the district court, and neither party seeks oral argument. Consequently, we believe this case to be best suited for resolution on summary calendar. Specifically, we are asked to decide whether the failure to state that the requirements of diversity jurisdiction were satisfied at the time this case was filed is correctable pursuant to federal statute which authorizes the correction of "defective allegations of jurisdiction," and whether the district court abused its discretion by denying plaintiff leave to make such amendments. As we answer both questions in the affirmative, we REVERSE and REMAND.

## I.

On October 6, 1997, Paula Jo Whitmire brought suit in federal district court alleging violations of the Family Medical Leave Act and the Americans with Disabilities Act. In addition, Whitmire asserted state law claims for intentional infliction of emotional distress, breach of "an implied duty of good faith in an employment relationship," and violation of "Mississippi law protection against assault." In her complaint, Whitmire asserted

that the court had federal question jurisdiction over her federal statutory claims, *see* 28 U.S.C. § 1333 (1994), and supplemental jurisdiction over her state law claims. *See* 28 U.S.C. § 1367 (1994). Although jurisdiction was also proper from the inception of the case pursuant to the court's jurisdiction to hear diversity cases, Whitmire made no such allegation in her complaint. Also, Whitmire, a citizen of the State of Mississippi, failed to state that the defendant was not a citizen of Mississippi or that the amount in controversy exceeded the statutory minimum. *See* 28 U.S.C. § 1332 (1994).[1]

On December 11, 1998, defendant filed a motion for summary judgment challenging all of plaintiff's claims, and the district court granted summary judgment to the defendant on the federal claims. The court dismissed the federal claims with prejudice, and dismissed the state law claims without prejudice. Immediately thereafter, Whitmire moved for leave to amend her complaint by alleging diversity jurisdiction. Whitmire did not propose to add any new causes of action or new parties, nor did she seek to introduce any new substantive facts to the case. The district court denied her motion for leave to amend. Whitmire appeals.

**II.**

---

[1] The fact that diversity jurisdiction existed from the outset of this litigation does not appear to be in dispute.

-3-

A grant or denial of a motion to amend pleadings is an exercise of discretion by the district court; we review only for abuse of that discretion.  *See Hypes v. First Commerce Corp.*, 134 F.3d 721, 728 (5th Cir. 1998).

**III.**

***A.***

When prosecuting a suit in federal court, "[t]he plaintiff has the burden of pleading the existence of the court's jurisdiction, and, in a diversity action, the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed."  *Chemical Leaman Tank Lines, Inc. v. Aetna Casualty and Surety Co.*, 177 F.3d 210, 222 n.13 (3d Cir. 1999); *see* FED. R. CIV. P. 8.  Nevertheless, "[a] failure to allege facts establishing jurisdiction need not prove fatal to a complaint."  *Canedy v. Liberty Mutual Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997).  A plaintiff may correct a failure to set forth diversity as an alternate basis for jurisdiction by amending her complaint pursuant to 28 U.S.C. § 1653 (1994).  This statutory provision, titled "Amendment of pleadings to show jurisdiction," provides:

> Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.

28 U.S.C. § 1653 (1994).  Section 1653 was enacted as part of the Judicial Code revisions of 1948.  Its predecessor, enacted 35 years earlier, "expressly limited jurisdictional amendments to

-4-

cases in which diversity jurisdiction 'in fact existed at the time the suit was brought or removed, though defectively alleged.'" *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 831 (1989). According to the revision notes to § 1653, the statute was amended "solely to expand the power to cure defective allegations of jurisdiction from diversity cases to all cases." *Id.* (citing Historical and Revision Notes to 28 U.S.C. § 1653); *see also Mobil Oil Corp. v. Kelley*, 493 F.2d 784, 788 (5th Cir. 1974).

We have repeatedly noted that § 1653 is to be broadly construed to avoid dismissals of actions on purely "technical" or "formal" grounds. *See Miller v. Stanmore*, 636 F.2d 986, 990 (5th Cir. 1981); *see also Goble v. Marsh*, 684 F.2d 12, 17 (D.C. Cir. 1982) (in enacting § 1653 "Congress intended to permit amendment broadly to avoid dismissal of suits on technical grounds"). Furthermore, technical defects or failure to specifically allege the citizenship of a party can be cured even in the appellate courts. *See D.J. McDuffie Inc. v. Old Reliable Fire Ins. Co.*, 608 F.2d 145, 146 (5th Cir. 1979). In general, a motion for leave to amend should be granted if it would do nothing "more than state an alternative jurisdictional basis for recovery upon the facts previously alleged." *Miller*, 636 F.2d at 990. Our sister courts are no less charitable in their interpretation of § 1653. *See, e.g., Canedy*, 126 F.3d at 103 ("Unless the record

-5-

clearly indicates that complaint could not be saved by any truthful amendment, we generally afford opportunity for amendment.") (citation omitted); *Scattergood v. Perelman*, 945 F.2d 618, 626 (3d Cir. 1991); *see also Quinn v. McGraw-Hill Companies, Inc.*, 168 F.3d 331, 334 n.1 (7th Cir. 1999).

"[A] district court's power to authorize amendments to cure a competence problem under section 1653, and by extension under Rule 15(a), turns on the nature of the jurisdictional defect." *Falaise v. American Tobacco Co.*, 241 B.R. 63, 65 (E.D.N.Y. 1999) (Weinstein, J.). While a district court can "remedy inadequate jurisdictional allegations," it cannot remedy "defective jurisdictional facts." *Newman-Green*, 490 U.S. at 831, 832 n.5 (citing *Pressroom Unions-Printers League Income Security Fund v. Continental Assurance Co.*, 700 F.2d 889, 893 (2d Cir.1983)); *Aetna Casualty & Surety Co. v. Hillman*, 796 F.2d 770, 775-776 (5th Cir. 1986); *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 512 (5th Cir. 1985). The danger against which a court must guard is that a party will attempt to use § 1653 to retroactively create subject matter jurisdiction. *See* MOORE ET AL., MOORE'S FEDERAL PRACTICE § 15.14[3], at 15-34 (3d ed. 1999) ("Essentially, a plaintiff may correct the complaint to show that jurisdiction does in fact exist; however, if there is no federal jurisdiction, it may not be created by amendment."). The cause for this concern is readily apparent: "never having had power to act in

the matter, the court never had authority to permit an amendment to the complaint." *Falaise*, 241 B.R. at 66.[2]

Accordingly, courts have rejected attempts to add new claims to satisfy the amount in controversy necessary for diversity jurisdiction, *see State Farm Mutual Automobile Ins. Co. v. Narvaez*, 149 F.3d 1269, 1272 (10th Cir. 1998), or add new parties to their case to preserve a federal forum, *see Mills v. State of Maine*, 118 F.3d 37, 53-54 (1st Cir. 1997) (rejecting attempt to add party in an effort to come within scope of *Ex Parte Young* doctrine). Similarly, we rejected arguments that § 1653 could properly be invoked to reassert causes of action to serve as statutory bases for federal question jurisdiction when they had been previously dropped from the complaint. *See Boelens*, 759 F.2d at 512.

Since Whitmire's jurisdictional problems are of the

---

[2] As Judge Weinstein explained when petitioned to allow an amendment adding entirely new causes of action and substantive facts in *Falaise*:

> Plaintiffs here do not seek to remedy a technical defect in their original jurisdictional allegations. Rather, they seek to create an entirely new jurisdictional basis to provide competence in a court which lacked authority over the case *ab initio*. This tactic is prohibited by section 1653 and by Rule 15(a), as these provisions have consistently been interpreted. There is simply no power in the court to allow plaintiffs to amend their complaint.

*Falaise*, 241 B.R. at 67.

"technical" or "formal" variety, they fall squarely within the ambit of § 1653. There can be no question that allowing Whitmire to cure her jurisdictional defect by stating the requisite facts showing that diversity jurisdiction exists as an alternative basis for subject matter jurisdiction would not create jurisdiction where it did not previously exist. Having determined that § 1653 is the proper tool to employ in this situation and that the district court was authorized by statute to allow such an amendment, we now address whether the district court committed an abuse of discretion when it denied Whitmire's motion for leave to amend.

### *B.*

Leave to amend pleadings "shall be freely given when justice requires." FED. R. CIV. P. 15(a). We have explained that the propriety of allowing amendment to cure jurisdictional defects should be governed by the same standard as other amendments to pleadings, namely the standard set forth by the Supreme Court:

> In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the other party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Scattergood*, 945 F.2d at 627 (listing *Foman* factors); *Averbach v. Rival*

-8-

*Manufacturing Co.*, 879 F.2d 1196, 1203 (3d Cir.1989)(same);

*Miller*, 636 F.2d at 990 (same).  With the proper standard in

mind, we turn now to the denial of Whitmire's motion.

In the instant case, diversity jurisdiction existed at the

time Whitmire filed suit in district court and was not destroyed

by any subsequent amendment.  Whitmire was properly in federal

court and had been prosecuting her case there for more than 18

months.  Less than 10 days after the jurisdictional basis of her

complaint was eliminated, Whitmire sought leave to inform the

court that the parties remained properly before the court because

subject matter jurisdiction still existed.

Plaintiff points us to *Scattergood v. Perelman*, in which the

Third Circuit, presented with an almost identical factual

situation, reversed a district court's denial of motion for leave

to amend.  *See* 945 F.2d 618 (3d Cir. 1991).  In rendering its

decision, the Third Circuit explained:

> The district court was correct that most of the
> proposed amendments could have and should have been
> presented in the earlier amended complaint; as to the
> jurisdictional allegation of diversity, however, the
> district court's reasoning loses force.  Diversity did
> not become a necessary basis for federal jurisdiction
> over the state law claims until the federal claims were
> dismissed on July 24.  The plaintiffs had no reason to
> allege diversity until the July 24 dismissal because,
> before that date, the court had federal question
> jurisdiction over the federal claims and pendent
> jurisdiction over the state claims.
> We conclude that the district court abused its

> discretion in not allowing the plaintiffs to amend
> their complaint to allege diversity.

*Scattergood*, 945 F.2d at 627.[3]

In our view, Whitmire is able to satisfy each of the *Foman* factors. There is no evidence in the record, and defendant does not argue, that Whitmire has acted in bad faith or with dilatory motive. Nor is this a case in which a party refused or failed to amend when given repeated opportunities to do so; to the contrary, as soon as the defect in her pleadings was exposed, she promptly moved to amend. Also, the amendment would not be futile. Finally, we are skeptical that defendant could have suffered any prejudice by virtue of the 10-day delay and the

---

[3] Defendant challenges the persuasive force of *Scattergood*, arguing that the Third Circuit would not decide the case the same today given the mandate from the Civil Justice Reform Act of 1990, 28 U.S.C. § 471 *et seq.*, that all district courts put into effect plans aimed at reducing the expense and delay of civil litigation. Essentially, defendant argues that even if § 1653 is to be read broadly, it must yield to the local case management plan. We disagree. First, the Third Circuit has not overrruled *Scattergood*, and as plaintiff points out, lower courts within the circuit continue to apply it. *See Freedom Int'l Trucks, Inc. v. Eagle Enter., Inc.*, 182 F.R.D. 172, 174 (E.D. Pa. 1998). Second, as we discussed above, *Scattergood* is well within the mainstream of case law on this issue. Even if the Third Circuit were to overrule its earlier decision, that would not change the rule in this circuit as explained in *Miller*, nor change the rule for the other courts of appeal that apply the same standard. *See, e.g.*, *Canedy v. Liberty Mutual Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997). Third, the purpose of § 1653, to cure unintended defects in jurisdictional pleadings, is not in conflict with the purpose of the Civil Justice Reform Act, to "ensure just, speedy, and inexpensive resolution of civil disputes." *See* 28 U.S.C. § 471. We simply do not believe that the type of issue presented here is sufficiently common for efficiency concerns to be determinative.

likelihood of a bifurcated ruling on its summary judgment motion. Defendant has completed discovery and plaintiff's amendment does not seek to inject any new facts or causes of action into the case, merely to see it through to its conclusion in the same forum in which it started.[4]  The alternative course requires one of our state court brethren to take on the case -- which has already consumed more than 18 months of the district court's time -- and begin the case anew, minus only the federal claims.

Defendant's main counter argument is that the district courts within this circuit, following our lead, have recognized a clear distinction between amendments to cure technical defects and amendments to add new jurisdictional grounds.  Although the cases cited by defendant support this general proposition, they do not support defendant's position in this case.  *See, e.g.*, *Energy Catering Servs., Inc. v. Burrow*, 911 F. Supp. 221 (E.D. La. 1995); *Zaini v. Shell Oil, Co.*, 853 F. Supp. 960 (S.D. Tex. 1994).  Rather these cases highlight our prime concern when dealing with § 1653 -- avoiding attempts to retroactively create jurisdiction.  These cases do not support the proposition that

---

[4]  That is not to say that plaintiffs should not be expected to plead all possible jurisdictional grounds from the outset of the case.  Although Whitmire violated a specific court order imposing reasonable time constraints on amendment, we believe judicial economy is ultimately served by allowing these amendments.  Nevertheless, while it is not clear how § 1653 could be put to nefarious use, courts should not hesitate to refuse amendments if the party has displayed bad faith or dilatory motive.

allowing a party to amend its pleadings to inform the court of an existing basis for subject matter jurisdiction is anything more than the "technical" or "formal" amendment for which § 1653 was crafted and we in the past have allowed.[5]

In conclusion, we hold that the requested amendments, which add neither new causes of action, new parties, nor new substantive facts to the case, but merely state and support an alternative pre-existing jurisdictional base, fall within the ambit of § 1653. In addition, in the absence of any evidence of bad faith, dilatory motive, or undue prejudice, the district court abused its discretion by not allowing plaintiff an opportunity to amend. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

**IV.**

---

[5] Defendant quotes language from these cases to the effect that § 1653 "cannot be invoked to claim an entirely new and distinct jurisdictional basis." *Energy Catering*, 911 F. Supp. at 223. Importantly, both *Energy Catering* and *Zaini* relied upon our interpretation in *Hillman* and *Boelens* in which we stated the rule we adhere to today, namely that § 1653 "provides a method for curing defective allegations of jurisdiction. *It is not to be used to create jurisdiction retroactively where it did not previously exist.*" *Aetna v. Casualty and Surety Co. v. Hillman*, 796 F.2d 770, 776 (5th Cir. 1986)(emphasis added). *See Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 512 (5th Cir. 1985) (§ 1653 applies to technically inadequate allegations of jurisdiction, not new causes of action). The phrase "entirely new and distinct jurisdictional basis" must be read in conjunction with the surrounding text, which invariably emphasizes the need to guard against the retroactive creation of jurisdiction. This phrase was never intended as a means of undermining the liberal construction we always give § 1653.

For the reasons set forth above, we REVERSE and REMAND this case to the district court for further proceedings consistent with this opinion.