IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10864
Conference Calendar

_____

KIERON D. PENIGAR,

Plaintiff-Appellant,

versus

BELL HELICOPTER TEXTRON, INC.,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:01-CV-473-A
--------------------
December 28, 2001

ON PETITION FOR REHEARING

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

The appellant's petition for rehearing is GRANTED, our prior panel opinion is WITHDRAWN, and this opinion is SUBSTITUTED therefor.

Kieron D. Penigar, Texas prisoner # 721657, appeals the district court's dismissal of his in forma pauperis (IFP) complaint against Bell Helicopter Textron, Inc. (Bell). Penigar sued Bell for its unauthorized use of his design for a hydraulic lift transformer. Penigar contended that in 1991 or 1992, Bell began

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

production of a prototype aircraft, the V22 Osprey, whose tilt rotor wing design resembled his transformer drawings. The district court dismissed his suit as frivolous pursuant 28 U.S.C. § 1915(e)(2)(B)(i).

Penigar avers that the court abused its discretion in dismissing his complaint. He contends that he "presented factual allegations that give merit to his claim" and that he "was not afforded opportunity to bolster claim with proof." Penigar also avers that he has "a key witness to support his claim."

We dismiss Penigar's suit without reaching the merits of his appeal because Penigar has not established the existence of federal jurisdiction over this case. Although the district court did not discuss the issue of subject matter jurisdiction, this court must consider sua sponte whether jurisdiction is proper in this suit. See Goonsuwan v. Ashcroft, 252 F.3d 383, 385 (5th Cir. 2001). When prosecuting a suit in federal court, the plaintiff has the burden of establishing the court's jurisdiction. Whitmire v. Victus Ltd., 212 F.3d 885, 887 (5th Cir. 2000).

Penigar appears to assert a trade secret misappropriation claim against Bell. Nothing in his complaint indicates that he has a patent or trademark on his transformer idea. Unlike patent and trademark law, trade secret misappropriation is a matter of state law. See Bonito Boats, Inc. v. Thunder Craft Boats, Inc., 489 U.S. 141, 155 (1989); Seatrax, Inc. v. Sonbeck Int'l, Inc., 200 F.3d 358, 363 (5th Cir. 2000). Thus, Penigar has not established federal question jurisdiction in this case.

In a diversity suit, the plaintiff must establish that there is complete diversity of citizenship between the opposing parties. Whitmire, 212 F.3d at 887. Penigar, however, has not alleged facts invoking diversity jurisdiction in this case. In fact, his complaint indicates that he is a Texas resident and suggests that Bell is a Texas corporation. He lists Bell as having a Fort Worth, Texas address and alleges that the company misappropriated his transformer design when his mother brought his transformer drawings to the Bell plant near Arlington, Texas.

Because we find no basis for federal jurisdiction in this case, we vacate the district court's order dismissing Penigar's suit as frivolous and remand with instructions to dismiss this case for lack of jurisdiction.

VACATED and REMANDED with instructions.