# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
December 3, 2020

Lyle W. Cayce
Clerk

—————

No. 20-50169

—————

ACCORDANT COMMUNICATIONS, L.L.C.,

*Plaintiff—Appellee*,

*versus*

SAYERS CONSTRUCTION, L.L.C.,

*Defendant—Appellant*,

CONSOLIDATED WITH

————————

No. 20-50513

————————

ACCORDANT COMMUNICATIONS, L.L.C.,

*Plaintiff—Appellant*,

*versus*

SAYERS CONSTRUCTION, L.L.C.,

*Defendant—Appellee*.

————————————————

Appeals from the United States District Court
for the Western District of Texas
USDC No. 1:19-CV-401

————————————————

Before Higginbotham, Smith, and Dennis, *Circuit Judges*.

Per Curiam:*

This appeal stems from a mistake that went unnoticed in the district court: defective pleadings that failed to properly allege diversity jurisdiction. For the following reasons, we remand.

I.

Accordant Communications, L.L.C. ("Accordant"), plaintiff in the district court, and Sayers Construction, L.L.C. ("Sayers"), defendant, were parties to a contract for electric utility construction in South Florida. On December 6, 2017, pursuant to the contract's arbitration clause, Accordant filed an arbitration proceeding with the American Arbitration Association asserting claims for breach of contract, quantum meruit, and fraud. Sayers counterclaimed for breach of contract.

On March 22, 2019, the Arbitration Tribunal issued a partial award in favor of Accordant for $459,392 in money damages, plus amounts for interest, costs, and attorney's fees to be determined later by the Arbitrator, and awarded Sayers nothing. On April 10, 2019, Accordant filed an "application to confirm arbitration award" in federal district court in the Western District of Texas. Accordant alleged the district court had jurisdiction under 28 U.S.C. § 1332 "because the amount in controversy exceeds $75,000 and is between citizens of different states." As to the citizenship of the parties, Accordant alleged that it "is a limited liability company organized under the laws of Georgia with its principal place of business in Seminole County, Florida" and that Sayers "is a limited liability

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-50169
c/w No. 20-50513

company organized under the laws of Texas with its principal place of business in Travis County, Texas."

On May 9, 2019, the Tribunal issued a final award in favor of Accordant in the amount of $1,397,436.71 (the partial award, plus attorney's fees, costs, expenses, and interest). Accordant filed an amended application to confirm arbitration award with the district court that same day. On May 23, 2019, Sayers filed a motion to dismiss for lack of subject matter jurisdiction, contending that the district court lacked jurisdiction to confirm partial awards and that therefore the court lacked jurisdiction at the time Accordant filed its initial application. Sayers further argued that the district court lacked subject matter jurisdiction because the partial award was not ripe for adjudication at the time the action was commenced. On February 3, 2020, the district court denied Sayers motion and granted Accordant's amended application to confirm arbitration award. Sayers filed a timely notice of appeal.

As Sayers had not posted a bond or security to suspend execution of the judgment, *see* FED. R. CIV. P. 62, Accordant began to take steps to collect on its judgment. Encountering difficulties, Accordant served post-judgment discovery on Sayers to which Sayers refused to respond, objecting that the underlying judgment was "void." Accordant then filed a motion to compel answers to post-judgment discovery with the district court, followed by a motion for leave to amend its application to assert bases for diversity jurisdiction. Sayers—after filing its opening appellate brief with this court raising, for the first time, a challenge to subject matter jurisdiction on the grounds that diversity was lacking—filed responses to both motions with the district court and argued (1) that the district court was divested of jurisdiction to decide the question of its own subject matter jurisdiction once Sayers's notice of appeal was filed because that issue was on appeal, and (2) that the district court therefore also lacked the ability to consider the motion to

3

compel. The district court agreed with Sayers, denied the motion for leave to amend, and dismissed Accordant's motion to compel post-judgment discovery without prejudice to Accordant's re-filing the motion after this court rendered a decision in the jurisdictional appeal. Accordant appealed the district court's order. *See United States v. McWhirter*, 376 F.2d 102, 104–05 (5th Cir. 1967) (holding that district court order denying motion to compel answers to post-judgment discovery is final and appealable order). Upon motion from Accordant, opposed by Sayers, we consolidated the two appeals.

On appeal, Sayers argues that the district court's confirmation of the arbitral award is "jurisdictionally flawed," i.e. diversity jurisdiction was not established because it was not properly alleged and "there is no evidence in the record" of the LLC's members' citizenship. Sayers seeks to have the confirmation vacated and the case dismissed. It is of no moment that Sayers raises this issue for the first time on appeal. "Questions of subject matter jurisdiction cannot be forfeited or waived and are reviewed *de novo*." *Nat'l Football League Players Ass'n v. Nat'l Football League,* 874 F.3d 222, 225 (5th Cir. 2017). Accordant argues that diversity jurisdiction exists and that it was an abuse of discretion for the district court to refuse to exercise its jurisdiction in aid of enforcing its judgment by failing to consider the merits of the motion to compel post-judgment discovery.

## II.

"Federal courts are courts of limited jurisdiction." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "The burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Id.* at 919. "When courts lack subject matter jurisdiction over a case, they lack the power to adjudicate the case." *Nat'l Football League Players Ass'n*, 874 F.3d at 225. "[T]he jurisdiction of the court depends upon the state of things at

the time of the action brought." *Id.* (quoting *Grupo Dataflux v. Atlas Glob. Grp. L.P.*, 541 U.S. 567, 570 (2004)).

"[T]he citizenship of a[n] LLC is determined by the citizenship of all of its members." *MidCap Media Finance, L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019) (alterations in original) (internal quotation marks omitted). "For individuals, citizenship has the same meaning as domicile and requires not only residence in fact but also the purpose to make the place of residence one's home. Therefore, an allegation of residency alone does not satisfy the requirement of an allegation of citizenship." *Id.* at 313 (cleaned up).

However, "[a] failure to allege facts establishing jurisdiction need not prove fatal to a complaint." *Whitmire v. Victus Ltd.*, 212 F.3d 885, 887 (5th Cir. 2000) (alteration in original) (internal quotation marks omitted). Under 28 U.S.C. § 1653, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." We "ha[ve] held that this section should be construed liberally." *Toms v. Country Quality Meats, Inc.*, 610 F.2d 313, 316 (5th Cir. 1980). If "jurisdiction is not clear from the record, but there is some reason to believe that jurisdiction exists, the Court may remand the case to the district court for amendment of the allegations[.]" *MidCap Media Finance, L.L.C.*, 929 F.3d at 315 (quoting *Molett v. Penrod Drilling Co.*, 872 F.2d 1211, 1228 (5th Cir. 1989)).

### III.

Accordant's initial applications were clearly deficient in terms of alleging complete diversity. Rather than list the citizenship of each LLC's members, Accordant listed the state of organization and principal place of business of each LLC. This mistake—pleading the citizenship of an LLC as if it were a corporation—is basic. *Id.* at 314. Yet it was not noticed or

addressed by either of the parties in the district court. Accordant and Sayers disagree as to whether and how this mistake can be fixed.

Sayers proposes a bright-line temporal rule: when considering whether to allow amendment under § 1653, an appellate court can only look at evidence entered into the record prior to judgment, and must ignore evidence entered into the record post-judgment. Sayers argues that none of Accordant's allegations, nor evidence in the record prior to entry of judgment, establishes that the parties are diverse. Accordant's argument is that the parties are in fact diverse, that Sayers's contention that our review must be limited to evidence in the record prior to entry of judgment is wrong, and that evidence in the record and judicially noticeable documents support the existence of diversity. Accordant asks this court to either grant leave to amend to cure the deficient jurisdictional allegations, or, in the alternative, to remand on the question of subject matter jurisdiction if we are not convinced that it in fact exists.

Sayers relies on our decision in *Howery* for the proposition that we cannot allow amendment under § 1653 unless there is evidence in the record from prior to the entry of judgment that establishes complete diversity, and therefore, that we cannot consider post-judgment record evidence cited by Accordant. Sayers claims the "*Howery* rule" was re-affirmed by this court as recently as last year in *MidCap Media Finance*. But we think Sayers makes too much of language in *Howery* that refers to the need for facts establishing jurisdiction to be alleged "prior to the entry of judgment *in this case*." *Howery*, 243 F.3d at 916 (emphasis added). *Howery* concerned an appeal from a judgment following a jury trial where the question of diversity jurisdiction was raised for the very first time at oral argument before this court. *Id.* at 915. The *Howery* court did not allow amendment under § 1653 because the party asserting diversity jurisdiction could not point to evidence of diversity in the record. *Id.* at 920–21. The court in *Howery* did not face the situation before

No. 20-50169
c/w No. 20-50513

us—a consolidated appeal from both a final judgment confirming an arbitration award and from denial of a post-judgment motion where there is jurisdictional evidence in the consolidated record.

Further, we find nothing in *MidCap* that acknowledges or establishes the kind of bright-line temporal rule urged by Sayers that would limit our review of the record on appeal. Rather, *MidCap* confirms that while our court does not receive new jurisdictional evidence on appeal, as nothing in § 1653 permits us to receive new evidence, we nonetheless can take judicial notice of jurisdictional facts or can exercise discretion to remand to the district court for amendment and to supplement the record if necessary. *See MidCap Media Finance, L.L.C.*, 929 F.3d at 314–315. In sum, we see no reason to limit our review in this case to only a portion of the record.

Therefore, we next turn to a review of the entire consolidated record on appeal to ascertain whether the parties are in fact diverse. Considering the evidence in the record on appeal, like in *MidCap*, we find that "jurisdiction is not clear from the record, but there is some reason to believe that jurisdiction exists." *Id.* at 315. Therefore, we exercise our discretion under § 1653 and "remand the case to the district court for amendment of the allegations and for the record to be supplemented," if necessary. *Id.* at 316 (quoting *Molett*, 872 F.2d at 1228).

IV.

For the reasons explained above, we REMAND for further proceedings.[1] If either party seeks appellate review following remand, the appeal will be assigned to this panel.

---

[1] Having remanded, we deny as moot the motion pending with this court. The cross-appeal is DISMISSED as moot.