John WILLIAMS and Tina Williams, et al., Plaintiffs,

v.

The DOW CHEMICAL COMPANY, Dow Agrosciences LLC, and John Does 1 Through 100, Defendants.

No. 01 Civ. 4307(PKC).

United States District Court, S.D. New York.

May 20, 2004.

Curtis V. Trinko, Law Offices of Curtis V. Trinko, L.L.P., Kenneth F. McCallion, Rajan Sharma, McCallion & Associates, L.L.P., New York City, for Plaintiffs.

Daniel J. Thomasch, Orrick, Herrington & Sutcliffe, L.L.P., New York City, Dean T. Barnhard, Barnes & Thornburg, Indianapolis, IN, Glenn K. Jones, Orrick, Herrington & Sutcliffe LLP, New York City, Joseph G. Eaton, Barnes & Thornburg, Indianapolis, IN, Morton Donald Dubin, III, Richard W. Mark, Orrick, Herrington & Sutcliffe L.L.P., New York City, Robert D. MacGill, Barnes & Thornburg, Indianapolis, IN, for Defendants.

## MEMORANDUM AND ORDER

CASTEL, District Judge.

This opinion will address the continuing subject matter jurisdiction of this court following the recent discovery that there is no longer complete diversity of citizenship between the parties. It suffices to note at the outset that the presently operative pleading, the Second Amended Complaint ("SAC"), invokes both federal question and diversity jurisdiction, although the plaintiffs' assertion of diversity jurisdiction has been on-again, off-again at various junctures of this litigation. All federal claims were dismissed in a March 21, 2003 ruling of the Honorable Richard Berman, 255 F.Supp.2d 219 (S.D.N.Y.2003). Thus, continuing jurisdiction could potentially rest on the grounds of diversity of citizenship, 28 U.S.C. § 1332, or supplemental jurisdiction, 28 U.S.C. § 1367.

Following oral argument on a pending summary judgment motion, I entered an order directing defendant Dow AgroSciences LLC (the "LLC") to inform the Court of the state of incorporation and principal place of business of its constitu-

ent entities in order to determine whether there was subject matter jurisdiction based upon diversity of citizenship. *See Handelsman v. Bedford Village Associates Ltd. Partnership*, 213 F.3d 48, 51–52 (2d Cir.2000). By letter dated April 28, 2004, defendants notified the Court that "complete diversity between the parties no longer exists." (Letter, Dean T. Barnhard, Apr. 28, 2004 ("Barnhard Letter") at 3–4) As of the date of her first appearance as a plaintiff, Linda McElver resided in California. (Amended Class Action Complaint ("ACAC") ¶ 15; SAC ¶ 19) As of the date of the LLC's first appearance as a defendant, Mycogen Corporation ("Mycogen") was a member of the LLC, and was incorporated in California. (Barnhard Letter at 6) Because a limited liability company has the citizenship of each of its members, *Handelsman*, 213 F.3d at 51–52, there has been from the moment of their first appearances as parties to this action a California plaintiff and defendant.

*The Invocation and Abandonment of Diversity Jurisdiction*

This action began on May 21, 2001 as a suit by John and Tina Williams, individually and on behalf of a class, against Dow Chemical Company. Jurisdiction was premised exclusively on diversity of citizenship and alleged that the Williamses are New Yorkers and Dow Chemical Company is a Delaware corporation with its principle place of business in Michigan. There were two counts in the complaint: a claim for "medical monitoring" (Count I) and a claim for "permanent injunction" (Count II).[1] On July 5, 2001, Dow Chemical Company answered the complaint, thereby extinguishing plaintiffs' ability to amend as of right under Rule 15(a), Fed. R.Civ.P.

Without any indication that they had obtained prior leave from the Court, plaintiffs filed an Amended Class Action Complaint ("ACAC") on August 27, 2001. Linda McElver, the Californian, became a named plaintiff and the LLC (and, by implication, Mycogen, also a Californian) became a named defendant. (ACAC ¶¶ 15–19, 42) The ACAC dropped all reference to diversity jurisdiction and alleged that, by reason of the assertion of RICO claims, there was federal question jurisdiction. The record contains no indication that the defendants objected to the amendments, and Judge Berman signed a stipulation and order dated October 10, 2001 setting the time for defendants to answer or move with respect to the ACAC.

In the subsequent SAC that was filed with leave of Court on December 12, 2001, the plaintiffs added a Lanham Act claim, a host of common law theories and asserted federal question jurisdiction and "pendent" jurisdiction under 28 U.S.C. § 1367. The SAC reasserted a claim of diversity jurisdiction, not present in the ACAC. (SAC¶ 41) On March 21, 2003, Judge Berman dismissed all RICO and Lanham Act claims, leaving either diversity jurisdiction or supplemental jurisdiction as the only two viable bases for subject matter jurisdiction.

*The Time–of–Filing Rule*

In *Freeport–McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428, 111 S.Ct. 858, 860, 112 L.Ed.2d 951 (1991) (*per curiam*), the Supreme Court held that "[d]iversity jurisdiction, once established, is not defeated by the addition of a nondiverse party to the action." The *Freeport–McMoRan* plaintiffs were Delaware corporations with principal places of business in Louisiana.

---

**1.** I note that each of these claims has been dismissed recently with the consent of the plaintiffs.

*See* 498 U.S. at 427, 111 S.Ct. at 859. Defendant was a Kansas corporation with its principal place of business in Colorado. *See* 498 U.S. at 427, 111 S.Ct. at 859. The plaintiff, following the commencement of the breach of contract action, transferred interest in the contract to a limited partnership that included as its members citizens of Kansas and Colorado. *See* 498 U.S. at 427, 111 S.Ct. at 859. The limited partnership was added as a plaintiff under Rule 25(c), Fed.R.Civ.P., (substitution or addition of parties upon transfer of interest), and on appeal the Tenth Court of Appeals dismissed the case, ruling that the presence of the limited partnership destroyed diversity jurisdiction. *See* 498 U.S. at 427, 111 S.Ct. at 859. The Supreme Court held that while the newly added limited partnership destroyed diversity, it was not an "indispensable" party at the time the complaint was filed, and that prior rulings on diversity jurisdiction "require no more than this." *See* 498 U.S. at 428, 111 S.Ct. at 860. The *per curiam* opinion is silent as to whether its holding is limited to substitution and/or addition of parties under Rule 25, as distinguished from permissive joinder of a party under Rule 20.

Earlier this week, the Supreme Court reaffirmed the time-of-filing rule in assessing whether there is subject matter jurisdiction in a diversity action, *Grupo Dataflux v. Atlas Global Group,* —— U.S. ——, 124 S.Ct. 1920, 158 L.Ed.2d 866 (2004). The Court held that a post-filing change in a party's citizenship belatedly resulting in complete diversity does not cure a lack of complete diversity at the time of filing. The issue of the effect of a late-arriving diversity buster was not directly addressed in *Grupo Dataflux.* Several circuits have expressed an inclination to limit the application of *Freeport–McMoRan* to its precise holding. *See American Fiber & Finishing, Inc. v. Tyco Healthcare Group, LP,*

362 F.3d 136, 140 (1st Cir.2004) ("The procedural circumstances and ratio decidendi of *Freeport–McMoRan* limit its precedential value"); *Estate of Alvarez v. Donaldson Co.,* 213 F.3d 993, 994–95 (7th Cir. 2000) (suggesting that *Freeport–McMoRan* is limited to a substitution of parties); *Cobb v. Delta Exports, Inc.,* 186 F.3d 675, 680 (5th Cir.1999) ("There are good reasons ... to read this broad statement as dictum and to understand *Freeport–McMoRan* as limited to the context of an addition under Fed.R.Civ.P. 25."); *Ingram v. CSX Transportation, Inc.,* 146 F.3d 858, 862 (11th Cir.1998) (post-removal permissive joinder of non-diverse party destroys diversity jurisdiction). The Second Circuit has not addressed the application of *Freeport–McMoRan* to the permissive joinder of a non-diverse plaintiff.

■ Because of the rather unusual sequence of events, there is no need to address the issue of whether, under a broad reading of *Freeport–McMoRan,* a non-diverse party may permissively join as a co-plaintiff when it could not have done so at the outset of the action. Here, the original plaintiffs who had once invoked diversity jurisdiction abandoned this basis for jurisdiction when they filed the ACAC on August 27, 2001. Presumably, this was a considered act by putative class counsel and would-be class representatives. The abandonment occurred in the very pleading which joined the non-diverse McElver and the LLC. The ACAC supplanted the original pleading in its entirety and thus was required to allege its basis for jurisdiction. Rule 8(a)(1), Fed.R.Civ.P. Plaintiffs complied with Rule 8(a)(1) when it properly invoked federal question jurisdiction. Pleadings are to be "construed as to do substantial justice", Rule 8(f), and courts on rare occasions have allowed parties to base subject matter jurisdiction on a ground that exists though is not pled.

*See, e.g. Harary v. Blumenthal,* 555 F.2d 1113, 1115 n. 1 (2d Cir.1997); Wright & Miller, *Federal Practice and Procedure: Civil 2d* § 1206 n. 9 (2d Ed.1990).[2] But the sequence of filings provides no basis to imply an intention to continue to invoke diversity jurisdiction after the August 23 filing of the ACAC. A straightforward reading of the ACAC leads to the conclusion that diversity jurisdiction was abandoned by the plaintiffs. In *Boelens v. Redman Homes, Inc.,* 759 F.2d 504 (5th Cir.1985) (Wisdom, J.), the plaintiff amended her complaint to drop all federal claims that had been included in the initial complaint. The court declined to consider jurisdiction at the time of the original complaint, but held that "the plaintiff must be held to the jurisdictional consequences of a voluntary abandonment of claims that would otherwise provide federal jurisdiction." *Id.* at 507.

When diversity jurisdiction was asserted on December 12, 2001 in the SAC, the time-of-filing rule required an assessment of jurisdiction, not as of the date of the original May 21, 2001 pleading, but as of the date of the new invocation of diversity jurisdiction. *Id.* at 508. Plaintiffs could not leapfrog back to the period prior to the abandonment. As of December 12, the presence of the California plaintiff and the LLC with a California member foreclosed diversity jurisdiction. This court continued to have subject matter jurisdiction but based solely on federal question.

While the issue of abandoned and reasserted diversity jurisdiction does not often arise, I note that some significant light is shed on the issue in *Baylis v. Marriott Corp.,* 843 F.2d 658, 665 (2d Cir.1988). The Court was faced with the question of whether supplemental jurisdiction should be exercised once the federal claims were dismissed. It noted that at the time of removal from state to federal court, diversity jurisdiction probably existed. *See id.* at 665. "However, the plaintiffs then amended their complaint to add federal claims against Pan Am and removed diversity as a basis for jurisdiction. The reasons for giving up diversity of jurisdiction are not clear, but it may have been done because there was no diversity between the plaintiff and the new defendant, Pan Am. With the case against Pan Am dismissed, diversity may again exist between plaintiff and defendant." The Court remanded the case so the district court could determine whether to grant leave to amend to reassert diversity jurisdiction and whether "diversity exists". *See id.* Without reading too much into *Baylis,* it lends support to the conclusion that the time-of-filing rule should be applied to the amended pleading when diversity jurisdiction is realleged after a period of abandonment.

*Supplemental Jurisdiction*

A district court has the discretion to exercise supplemental jurisdiction over a plaintiff's state law claims where they are so related to the claims on which original jurisdiction was based as to constitute the same case or controversy. 28 U.S.C. § 1367(a). The fact that the district court has dismissed all claims over which it had original jurisdiction is a factor tending in the direction of declining jurisdiction. 28 U.S.C. § 1367(c)(3).

 The discretion to exercise supplemental jurisdiction is "not boundless" particularly where there are unsettled questions of state law. *Valencia v. Lee,* 316 F.3d 299, 301–02, 305–306 (2d Cir.

**2.** Defects in allegations of jurisdiction may be amended under 28 U.S.C. § 1653, provided there is, in fact, a basis for jurisdiction. *New-*

*man–Green, Inc. v. Alfonzo–Larrain,* 490 U.S. 826, 830–831, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989).

2003) (vacating and directing remand to state court after seven-day bench trial and three years of litigation because district court abused . its discretion in exercising supplemental jurisdiction). In *Valencia,* there were "fundamental and complex questions involving the balancing of important policies of state government, and the resolution of unsettled questions. . . ." *Id.* at 308. True, there is presently before me a motion for summary judgment that raises challenging and, in some instances, difficult issues of the application of state statutes of limitation to various plaintiffs' claims but, at this juncture, I do not anticipate that any of them will be ground breaking or especially "novel." 28 U.S.C. § 1367(c)(1). I cannot exclude the possibility that there will be, at times, the need to consider the natural extension of existing principles. While "complexity" is a factor tending in the direction of not exercising supplemental jurisdiction, *see Valencia,* the relatively modest complexity of the application of state statute of limitations and tolling principles do not weigh heavily in the exercise of my discretion. Cf. *Jones v. Ford Motor Credit Company,* 358 F.3d 205, 214 (2d Cir.2004) (a "standard contract question" is not a novel and complex state-law issue under section 1367(c)(1)).[3]

■ A significant consideration weighing in the mix is that any claims that do survive will have to be scrutinized under a lens of federal preemption. "One factor that may sometimes favor retaining pendant jurisdiction is when a state claim is closely tied to questions of federal policy and where the federal doctrine of preemption may be implicated." *Marcus v. AT&T,* 138 F.3d 46, 57 (2d Cir.1998), *quoting Baylis v. Marriott Corp.,* 843 F.2d 658, 665 (2d Cir.1988). *See also Valencia,* 316 F.3d at 306. In contrast to *Valencia,* this case relates to a non-agricultural pesticide, Dursban, that is subject to comprehensive federal regulation under the Federal Insecticide, Fungicide and Rodenticide Act ("FIFRA"), 7 U.S.C. § 136 *et seq.* The product is registered with the Environmental Protection Administration ("EPA") and sold with an EPA-approved label for use by commercial applicators. In his March 21 rulings, Judge Berman concluded that "state law causes of action based on allegations of 'failure to warn' are preempted by FIFRA" and that "FIFRA . . . preempts state-law claims that allege 'fraud on the EPA'." 255 F.Supp.2d at 232. As demonstrated by Judge Berman's opinion, the FIFRA preemption issues in this case, while perhaps not fully ripe for adjudication on the present summary judgment motion, will likely loom large in consideration of any claims that survive.

Factors of convenience and judicial economy also favor retaining the case. The action has now been pending in this court for about three years. Judge Berman spent time on the application of preemption to certain of the state law claims. I closely examined the case in advance of oral argument on the summary judgment motion, and the "diversity surprise" did not arise until work on an opinion on that motion was underway.

I am mindful that I have available to me the option of dismissing under Rule 21,

---

**3.** "The district courts may decline to exercise supplemental jurisdiction over a claim . . . if—. . . (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. § 1367(c)(2). Here, plaintiffs featured their RICO claim as Counts I and II of the ACAC and SAC but, at bottom, it was and is a products liability suit. Thus, this factor weighs against supplemental jurisdiction. Because of the significance of the FIFRA preemption issues, I do not place controlling weight on it. There is a strong federal nexus and it is certainly not a garden-variety state common law action.

Fed.R.Civ.P., the California plaintiff, McElver, who is not indispensable to this action, and then proceeding via diversity jurisdiction under 28 U.S.C. § 1332. As the Supreme Court noted this week in *Grupo Dataflux,* "[b]y now 'it is well settled that Rule 21 invests district courts with authority to allow a dispensable non-diverse party to be dropped at any time, even after judgment has been rendered.'" —— U.S. —— at ——, 124 S.Ct. 1920, 1925, 158 L.Ed.2d 866, 2004 WL 1085232 at *4, *quoting Newman–Green Inc. v. Alfonzo–Larrain,* 490 U.S. 826, 832, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989). I conclude that judicial economy, convenience and fairness militate in favor of exercising supplemental jurisdiction and comity will not be unduly impacted by doing so. *Nowak v. Ironworkers Local 6 Pension Fund,* 81 F.3d 1182, 1191 (2d Cir.1996). Thus, I need not dismiss Ms. McElver's claims and can properly proceed on the basis of supplemental jurisdiction.

SO ORDERED.